(No. 19344.—

MARION C. KENNEDY, Appellant, *vs.* E. PALMA BEAUDETTE NEIL, Appellee.

*Opinion filed February 20, 1929.*

WILLIAM T. PRIDMORE, for appellant.

JOSE WARD HOOVER, (OTTO W. JURGENS, of counsel,) for appellee.

Mr. JUSTICE HEARD delivered the opinion of the court:

Appellant, Marion C. Kennedy, filed her bill in chancery in the circuit court of Cook county praying for the specific performance of a contract for the sale of real estate. Appellee, E. Palma Beaudette Neil, filed her answer, alleging, among other things, the forfeiture of the contract of sale and denying that appellant was entitled to specific performance. She also filed a cross-bill, alleging the forfeiture of the contract and asking that it be declared null and void and that her title be declared to be free and clear of all claims under it. The cause was heard by the court without reference to a master, and after considering the evidence the court entered an order that appellant present to the court within fourteen days a decree for specific per-

formance of the contract involved herein, upon the payment of the sum of $6000. Appellant failed to present such decree within the time specified, and thereafter the court entered a decree finding that the equities were with appellee, dismissing the bill for want of equity, declaring the contract null and void in accordance with the prayer of the cross-bill, and ordering a writ of assistance to remove appellant from the possession of the premises and put into possession thereof appellee. The cause is now before this court upon appeal from that decree.

The evidence shows that on June 1, 1922, Marie M. Dowd and appellant entered into a contract whereby Mrs. Dowd agreed to convey to appellant by warranty deed, accompanied by a certificate of title issued by the registrar of titles or a complete merchantable abstracted title or merchantable guaranty policy, the premises described in the bill, for which appellant agreed to pay the sum of $10,500, as follows: $1000 cash, the assumption of an encumbrance of $4500, and $5000 in installments of $100 each on the first day of each month, beginning July 1, 1922, and every month thereafter until all of the $5000 was paid, with interest at the rate of six per cent per annum, payable monthly, on the whole sum remaining from time to time unpaid. Payments were made by appellant to Mrs. Dowd from time to time, and on April 17, 1924, Mrs. Dowd by a written instrument, in consideration of the sum of one dollar, sold and assigned to appellee, E. Palma Beaudette Neil, all of her right, title and interest in and to the contract in question and to all sums of money due or to become due thereon, and authorizing appellee at her own cost to take the necessary and proper legal measures to collect, receive and enjoy the same.

There is much conflict in the evidence and much conflict as to the rights of appellee under the contract with Mrs. Dowd. Appellee claims that the contract between appellant and Mrs. Dowd had become forfeited before April 17,

1924, and that she herself declared a forfeiture thereof after that time. It is not necessary for us to consider many of these conflicting claims. Appellee brought an action of forcible entry and detainer against appellant to recover possession of the premises. On January 20, 1925, appellant paid appellee $2165.32, whereupon appellee dismissed the forcible entry and detainer suit and gave to appellant the following receipt:

"Received of Marion C. Kennedy the sum of two thousand one hundred sixty-five 32/100 dollars in full payment of all (11) installments due to and including January, 1925, on premises known as No. 3847 S. Michigan ave., Chicago, also including money paid out for taxes, special assessments and interest up to date.
E. PALMA BEAUDETTE NEIL."

Whatever may have been the actual facts theretofore existing with reference to the controverted claims of the parties, this payment and the receipt given by appellee constitute an accord and satisfaction and a recognition by both parties of the validity and existence of the contract for the sale of the real estate to appellant on January 20, 1925, as continuing in force, and were a waiver of all defaults which had occurred before that time, (*Neil* v. *Kennedy*, 319 Ill. 75,) and it is not necessary for us to inquire into and consider the claims of the parties with reference to the contract prior to that time.

January 31, 1925, attorney Thomas C. Kennedy, for appellant, sent appellee his personal check for $109.50 as payment due under the contract February 1, 1925, which check appellee endorsed and cashed after consulting with her attorney as to whether or not she could legally refuse it. Appellee testifies that on February 20, 1925, she saw appellant at the back gate of the premises and said to her, "Miss Kennedy, I want you to make all the payments to me in person at my front door when the installment payments fall due," and that appellant said, "All right, dearie." This conversation is denied by appellant. On February 27,

1925, a check drawn by Kennedy on the Central Manufacturing District Bank of Chicago for $109, payable to the order of appellee, certified by the Central bank on February 28, 1925, with a notation on the face of the check, "Monthly payment on 3847 Michigan Ave.," was sent to appellee. On the 28th of February, 1925, she returned this check to the bank with a letter which stated, "Enclosed check which I respectfully return. I cannot accept money in this form." March 1 fell on Sunday, and appellant was therefore not required to make the payment until March 2. On March 2, 1925, H. C. Anderson, an employee of the Central bank, went to appellee's home at about 10:30 in the morning and tried to gain admission through the front door and also through another door. The bell on the front door was marked, "Out of order." He then knocked on the window several times. Getting no response he left and returned in the afternoon and again tried to get admission but failed. On March 3, 1925, in company with the assistant cashier of the bank, he again went to appellee's home and failed to gain admission. On each occasion he had with him $109 in cash for payment to appellee from appellant, which money he produced in court and it was tendered to appellee, and being refused it was deposited with the clerk of the court. On March 3, 1925, appellee caused a written notice of cancellation of the contract and demand for possession to be served on appellant and a few days afterwards started suit in ejectment.

It is the contention of appellee that on March 3, 1925, appellant was in default in not having made the payment due on March 1, and that appellee then had the right to declare a forfeiture of the contract. All the prior monthly payments had been made by check. All such payments had been received without any complaint having been made that the payment was made by check and not by cash. When on February 28, 1925, appellant sent to appellee the certified check for $109 for the March 1 payment and the in-

terest due she made a conscientious effort to comply with the contract and had no reason to suppose that the check would not be accepted. When on March 2 and 3 she attempted to make the payment at appellee's front door in cash she was making still further efforts to comply with her contract, and was only prevented from so doing or from tendering the amount in cash by the fault of appellee, who was in her home at the time and failed to admit the messenger. Failure on the part of the vendee to perform within the time required in the contract will not forfeit her rights thereunder where. she has sought to perform within such time and has failed through the fault of the vendor. (*Kopeyka* v. *Woodstrom*, 305 Ill. 69.) The main question in a case of specific performance is whether the complainant has made a conscientious effort to comply honestly with the contract. (*Ebert* v. *Arends*, 190 Ill. 221; *Kimball* v. *Tooke*, 70 id. 553; *Monson* v. *Bragdon*, 159 id. 61.) The technical rules that govern pleas of tender in actions at law are manifestly not applicable to the circumstances of suits in chancery, and a court of chancery is not bound by any fixed rule on this subject by which it will allow the substantial ends of justice to be perverted or defeated by the omission of an unimportant or useless act which nothing but the merest technicality could require. (*Webster* v. *French*, 11 Ill. 254; *Macy* v. *Brown*, 326 id. 556.) The general rule is, that to entitle a purchaser to demand a deed and maintain a bill for specific performance it is sufficient that he is ready and offers to pay any sum that may be found to be due and still unpaid and to comply with the contract on his part. (*Mix* v. *Beach*, 46 Ill. 311; *Watson* v. *White*, 152 id. 364; *Boston* v. *Nichols*, 47 id. 353.) Forfeiture is a harsh remedy and by no means a favorite with a court of chancery under any circumstances, and where an abandonment is relied upon there must be shown a clear intention of the parties to abandon the contract, (*Mix* v. *White*, 36 Ill. 484,) as courts will indulge no presumptions

in favor of waiver of a contract or infer a waiver or abandonment upon slight proof. (*Evans* v. *Gerry,* 174 Ill. 595; *Macy* v. *Brown, supra.*) There is no evidence in the record that on March 3, 1925, appellant had the slightest intention of abandoning the contract, but, on the contrary, the evidence shows that she was ready, able, willing and eager to make the payment due, and that appellee had knowledge thereof at the time she attempted to declare a forfeiture of the contract. The evidence shows that at all times appellant was ready and willing to make the payments required of her by the contract, and in her bill she alleged such readiness and willingness, offered to pay any further sums which might be due, and on the trial in open court made a tender of $1700 and interest, (which was the amount of the monthly installments and interest necessary to entitle her to a deed under the contract,) together with all items paid out by appellee, with interest thereon, which tender was refused because the offer did not include attorney's fees which had been incurred by appellee. The original contract contained a provision that appellant should pay to Mrs. Dowd all costs and expenses, including attorney's fees incurred by her in any action or proceeding to which she might be made a party by reason of being a party to the contract, and that appellant would pay to her all costs and expenses, including attorney's fees incurred by her in enforcing any of the covenants and provisions of the contract and incurred in any action brought by her against appellant on account of the provisions of the contract. It does not appear from the evidence that any of the attorney's fees incurred by appellee came within the provisions of the contract, but, on the contrary, were incurred in an effort to deprive appellant of her rights under the contract. At the time appellant filed her bill for specific performance she was entitled to the performance of the contract upon her paying $1700 and interest, and other items of expense, in accordance with the terms of the con-

tract, and the court erred in decreeing a forfeiture of the contract and refusing to compel the specific performance of the same.

The decree of the circuit court is reversed and the cause remanded, with directions to enter a decree for the specific performance of the contract upon appellant paying into court the sum of $1700 and accrued interest, together with such other items of costs and expenses which the court may find to be rightfully due under the contract, not including attorney's fees.

*Reversed and remanded, with directions.*