(No. 26393.—

EDNA LEWIS, Appellee, *vs.* ALBERT J. McCREEDY *et al.* Appellants.

*Opinion filed November 24, 1941.*

RUSSELL, RUSSELL & RUSSELL, for appellants.

JOSEF T. SKINNER, for appellee.

Mr. JUSTICE GUNN delivered the opinion of the court:

Edna Lewis, appellee, filed her complaint in the circuit court of Bureau county against Albert J. McCreedy and Bertha P. Parchen, now Bertha P. McCreedy, to enforce specific performance of a contract of sale of land. A decree of specific performance was entered by the circuit court, from which decree the defendants have appealed. A freehold is involved. *Powell* v. *Huey,* 241 Ill. 132; *Eich* v. *Czervonko,* 330 id. 455.

Albert J. McCreedy conveyed the land in question to Bertha P. Parchen October 18, 1935, and on the same date entered into an agreement with her under the terms of which, upon the payment of the sum of $20,551 by him, she agreed to reconvey the premises to him, the said payment to be made on or before two years from the date of the agreement. The contract provided that McCreedy should retain possession, pay interest at the rate of five per cent annually, pay the taxes for the year 1935 and

subsequent years, insurance premiums and costs of necessary repairs to the improvements. There was a provision of forfeiture entitling Bertha P. Parchen to take possession in case of default, and also the usual clause that the agreements contained in the contract should extend to the heirs, administrators, executors and assigns of the parties. On September 26, 1937, Bertha P. Parchen married Albert J. McCreedy. McCreedy entered into a contract with appellee September 3, 1937, under the terms of which he covenanted and agreed to assign all of his interest, right and title in and to the contract of October 18, 1935, and agreed to convey the land in question to appellee, for which she agreed to pay McCreedy $24,000, of which $500 was placed in escrow. Appellee made a tender of the amount agreed to be paid by her, September 14, 1937, and demanded a deed of both appellants, which they refused to execute.

Appellants object to the decree of the circuit court awarding specific performance upon several grounds. Their first contention is that the appellee should not be awarded specific performance because of the alleged unscrupulous and fraudulent practices in obtaining the assignment of the contract from McCreedy.

There is substantially no dispute in the facts relating to the execution of the contract of September 3, 1937, between appellee and McCreedy. Under the contract of October 18, 1935, McCreedy's right to purchase expired on October 18, 1937. Charles L. Connelly, cashier of the State Bank of Cherry, testified that a short time prior to September 3, 1937, he had a conversation with McCreedy in the bank, and that McCreedy stated he was afraid that his contract with Bertha P. Parchen would expire and he would be "kicked off" of the farm, and that he thought he could sell the farm for $150 per acre, which would give him $3000 or $4000 in cash. On September 2, 1937, McCreedy met A. J. Kelso, a real estate broker, at a grain elevator.

Kelso represented appellee, and at that time had a conversation with McCreedy in regard to a purchase of the farm, and they agreed orally upon a sale of the land for $24,000, which sum would net McCreedy $3450 more than he was required to pay Bertha P. Parchen, and to meet at the office of an attorney the next day to draw up the legal papers. The following morning, September 3, the parties again met at the elevator and from there proceeded to the office of P. D. Perona, attorney for McCreedy, and the contract of September 3, 1937, was prepared, read to the parties and signed. When the parties first called the attorney was not in, and about four hours elapsed from the time they first met until the contract was signed. These facts were not denied by any of the other witnesses present at the conference, nor were they denied by McCreedy when he testified as a witness in the case.

The only evidence to the contrary is the testimony of the defendant Bertha P. Parchen. She was not present at either conference and testified she was home when McCreedy came in, and in reply to her query as to where he had been, he said he had been to a sale, and that they had taken him to Spring Valley and gotten him into something, and that he did not feel very well. The next day McCreedy and Bertha P. Parchen went to the attorney's office, and also talked with Kelso, telling him that he could not go ahead with the deal. There was no direct evidence of any kind of fraud or trickery practiced by any of the parties. The trial court did not err in denying this claim.

Appellants contend that specific performance should not be granted for the reason the contracts sued on were uncertain, ambiguous and unintelligible. The contract of October 18, 1935, heretofore referred to, contains all of the usual provisions of a contract of sale of real estate, viz.,—description of the property, amount of purchase price, time of performance, amount of payments, interest rate, rights of possession, clause in regard to insurance,

taxes and repairs. We find nothing in the contract so ambiguous or uncertain as to prevent its specific performance. The contract of September 3, 1937, is equally clear in its terms. It refers to the contract of October 18, 1935, a copy of which was attached, and McCreedy covenanted that he would assign all of his right, title and interest in the same; that Edna Lewis agreed and covenanted to pay McCreedy on or before October 18, 1937, the sum of $24,000, and that upon such payment McCreedy would execute and deliver a deed for the premises. The agreement provided for an escrow agent to hold $500; provided for the time possession was to be given; contained a provision in regard to the abstract and as to the time of performance, and a forfeiture clause. This agreement, also, clearly states the rights and obligations of the parties, and the circuit court was correct in overruling the defense of uncertainty.

For a further defense appellants contend appellee was no more than the assignee of the purchaser's rights under the contract of October 18, 1935; that such assignee could not enforce performance against appellant Parchen because the latter could not bring an action on the contract between McCreedy and Lewis, and, therefore, a lack of mutuality between the parties would make it inequitable to decree specific performance. As a general rule the assignee of a purchaser's interest in a contract for the sale of real estate may specifically enforce performance by the vendor. This rule has been followed in Illinois in cases in which the assignee of the vendee has tendered complete performance within the time provided in the contract of sale. *Kellogg* v. *Kartte,* 323 Ill. 443; *Corbus* v. *Teed,* 69 id. 205; *Kopeyka* v. *Woodstrom,* 305 id. 69; *Moore* v. *Gariglietti,* 228 id. 143.

Appellants claim that appellee was not entitled to specific performance because, as the assignee of McCreedy, she had not assumed all of the obligations of the original

contract, and that there was, therefore, a lack of mutuality, and say this position is supported by *Kellogg* v. *Kartte, supra.* In that case the contract of purchase was made in November, 1923. Objections to the title were made in January, 1924. Under the terms of the contract the purchaser could elect to waive the objections and take a conveyance as the title then existed; no action being taken, the seller forfeited the contract in March, 1924, and on May 23, 1924, the purchaser assigned his contract. July 17, 1924, the assignee gave notice to the seller that they would accept the title as of November, 1923, and tendered the payments which would then have been due. In the meantime the property had doubled in value. The court not only held the tender insufficient, but also that equity would not permit the assignee of such a contract to speculate on the result, avoiding liability until the increase in value was sufficient to assure him of a profit upon a tender of the entire purchase price. No compliance was made with the provisions of the contract during the time it was in effect, and the tender made by the assignee was made at a time the contract was forfeited for non-performance by the assignor. It is manifest the *Kellogg case* does not help appellants, because, in the instant case, not only was the tender made of the full amount due upon the contract of purchase but it was made during the time the contract was effective between the original parties.

Appellant Parchen further contends that the plaintiff, as assignee, has no greater rights than McCreedy, and contends that he defaulted in the payments provided for in his contract, and, therefore, the assignee cannot enforce such contract. She also claims that March 1, 1937, after McCreedy was in default and had no hope of fulfilling his contract, the parties, by mutual agreement, abandoned the contract. She testified that McCreedy did not pay the taxes, the insurance premiums and the interest or repairs on the buildings, as required by the contract. McCreedy

testified to substantially the same state of facts. Both parties testified that March 1, 1937, they tore up the copy of McCreedy's contract under circumstances indicating the rights of the parties under the contract were terminated. This state of facts is disputed by appellee. On cross-examination, appellant Parchen testified she received one-half of the crops grown on the land for the farm year 1936, and, in addition, $120 cash rent from McCreedy. The records of McCreedy's banking transactions show that he paid to Bertha P. Parchen in excess of $3000 during the period of the contract.

The testimony of Charles Connelly, cashier of the State Bank of Cherry, is inconsistent with the alleged agreement of forfeiture of the contract. He testified that McCreedy talked with him shortly before September 3, 1937, which was after the date of the supposed forfeiture, and that at that time McCreedy regarded the contract as in force, was worried because it would soon expire, and he would be unable to reacquire the land which he regarded as being worth more than the contract price. The conduct of McCreedy in entering into a contract for the sale of the land at $150 per acre September 3 is inconsistent with an alleged forfeiture of the contract. This court has held that forfeiture of a contract is a harsh remedy and that a court of equity will require clear proof of the intention of the parties, and will indulge in no presumption in favor of forfeiture or abandonment. (*Kennedy* v. *Neil,* 333 Ill. 629; *Watson* v. *White,* 152 id. 364.) The chancellor heard the testimony on both sides, and had the advantage of observing the demeanor of the witnesses. Under such circumstances this court will not disturb the findings of the chancellor. *Keating* v. *Frint,* 291 Ill. 423; *Chavens* v. *Hubble,* 375 id. 51.

It is also contended by appellants that tender of the purchase money was not sufficient. Two witnesses for appellee testified that on September 14 tender in cash was

made to appellants. At the time the tender was made a written statement was delivered to each appellant. The tender to Bertha P. Parchen included the sum mentioned in the contract of October 18, 1935, together with interest from the date of the contract, in the sum of $1962.10. An offer was also made to pay any and all amounts of taxes, insurance premiums and repairs that should have been paid by McCreedy under the terms of the contract. The tender to Albert J. McCreedy, made to comply with the terms of the contract of September 3, 1937, included the sum of $23,500, in cash, plus the $500 in the hands of the escrow agent, and, in addition, McCreedy was told appellee, if required, would pay Bertha P. Parchen the amounts due her under the contract of October 18, 1935, so he could obtain a deed for the premises. Both appellants positively deny that any tender of any kind was made. We have held that in actions for specific performance in equity the technical rules governing tender in actions at law are not applicable, and it is sufficient if the purchaser is ready and offers to pay any sums that may be due and unpaid under the contract. *Kennedy* v. *Neil, supra; Watson* v. *White, supra*.

In *Kennedy* v. *Neil, supra,* the court said: "The technical rules that govern pleas of tender in actions at law are manifestly not applicable to the circumstances of suits in chancery, and a court of chancery is not bound by any fixed rule on this subject by which it will allow the substantial ends of justice to be perverted or defeated by the omission of an unimportant or useless act which nothing but the merest technicality could require. (*Webster* v. *French,* 11 Ill. 254; *Macy* v. *Brown,* 326 id. 556.) The general rule is, that to entitle a purchaser to demand a deed and maintain a bill for specific performance, it is sufficient that he is ready and offers to pay any sum that may be found to be due and still unpaid and to comply with the contract on his part. (*Mix* v. *Beach,* 46 Ill. 311; *Wat-*

*son* v. *White,* 152 id. 364; *Boston* v. *Nichols,* 47 id. 353.)" This rule is particularly applicable in' cases involving unsettled accounts between the parties. Under such circumstances it is sufficient for the purchaser to show a willingness and ability to pay such amounts as may be found due upon an accounting. *Hill* v. *Alber,* 261 Ill. 124.

This issue again is a matter on which the evidence is conflicting, and the chancellor believed the testimony supporting the contentions of appellee. The evidence in the record is sufficient to sustain the chancellor's finding that the plaintiff had offered and was able and willing to pay all sums due under the contract in question.

Appellants complain of the trial court's refusal to permit certain amendments to be made. It appears that after the evidence was completed appellants made a motion to file an amended answer and counter-claim. The nature of the amendments does not appear in the record. The right to file such amended pleadings was denied by the court. As the granting of such amendments is discretionary with the trial court, and with nothing in the record to show the nature of the new pleadings or the grounds for the application, the point has not been preserved for determination.

Appellant Parchen also claims she made certain valuable improvements upon the premises, but the evidence discloses that these were made after tender of performance of the contract; and, further, there is no proof that the amount agreed to be paid to McCreedy, in excess of the amount of Parchen's contract with him, was not sufficient to reimburse her for such expenditures.

We find no error in the proceedings, and the decree of the circuit court of Bureau county is affirmed.

*Decree affirmed.*