(No. 31710.—

ZETA BUILDING CORPORATION, Appellee, *vs.* GEORGE GARST *et al.*, Appellants.

*Opinion filed January 18, 1951—Rehearing denied March 19, 1951.*

ORR, LEWIS & ORR, and RUDNICK & WOLFE, both of Chicago, and JOHN ALAN APPLEMAN, of Urbana, (WARREN H. ORR, WALLACE W. ORR, and HASKELL F. LAMM, of counsel,) for appellants.

THOMAS & MULLIKEN, of Champaign, for appellee.

Mr. CHIEF JUSTICE SIMPSON delivered the opinion of the court:

April 4, 1946, plaintiff-appellee, Zeta Building Corporation, hereinafter called plaintiff, filed its suit in the circuit court of Champaign County for specific performance against George Garst, Barbara Garst, and Glenn T. Ross, trustee, hereinafter called defendants. Hattimay Leonard, as tenant of the premises in question, was made a defendant and later Hurley Feltman and Julius C. Kamin became defendants because of their alleged purchase of the premises from the Garsts. The circuit court decreed specific performance and this appeal followed, a freehold being involved.

The contract which it is sought to have specifically performed bears date September 1, 1938, and provides that George Garst and Barbara Garst, who are husband and wife, will sell the premises in question to the plaintiff in consideration of the payment to them, or either of them, of $46,000 plus interest, in the manner therein provided. The instrument named Glenn T. Ross of Urbana, Illinois, as trustee, and provided that all payments should be made to him. His compensation for services was fixed at $60 per year, one half of which was to be paid by each party. In case of his death, resignation or refusal to act, a successor trustee was to be named by the Garsts or their successor or successors in ownership of the agreement. The instrument provided that time shall be of the assence of the agreement and in the event of failure of the plaintiff to make any of the payments of principal, interest, taxes and insurance therein provided for within sixty days after the same became due, or within sixty days after receipt of notice from the trustee of the existence of a deficiency in funds on hand for the payment of taxes or insurance, that the owners at their option, upon giving written notice of their intention so to do, could declare the interest of the plaintiff in the contract and in the premises forfeited and

at an end. The instrument was signed by Garst and wife and also by Zeta Building Corporation by Richard J. Young.

According to the instrument, $10,737.48 was paid in cash. It then provided for payment of the balance as follows: "Three Hundred Dollars ($300.00) on the 15th day of September, 1938, and on the 15th day of each October, November, December, January, February, March, April, May and June thereafter, until the full amount of the balance, plus interest on the whole sum remaining from time to time unpaid shall be paid in full." The trustee was required to account to the parties on the 1st of September each year for his receipts and disbursements for the preceding year and to estimate from the tax statements for the preceding year the approximate amount required from said date to and including the following September 1 for taxes and insurance premiums and to notify Zeta Building Corporation in writing of such estimate and accounting. The corporation agreed to pay all taxes and insurance premiums, one tenth of the estimate of which was to be payable at the time of each monthly payment.

Many points are urged for reversal of the decree. The record of testimony and exhibits is voluminous. The evidence conflicts sharply on almost every point in the case. The defendants say the alleged contract cannot be enforced because authority of the one who signed it on behalf of the plaintiff does not appear in writing; yet their answer admits that the agreement was entered into by the plaintiff through its duly authorized agent. Defendants amended their answer by adding a paragraph thereto pleading the Statute of Frauds but they did not change their expressed admission as aforesaid. In their reply brief they say: "Plaintiffs Complaint alleges the written contract in paragraph III of the Complaint (Abst. 2) and in paragraphs VII, VIII, IX, X (Abst. 5-7) it alleges a verbal agreement changing the original agreement. Defendants' an-

swer alleges a forfeiture of the original written agreement and then as a further defense to this suit for specific performance amended its answer to raise the issue of the Statute of Frauds to any verbal agreement to change. the original written agreement." They then argue that this amendment relates to the original written contract or to the right to bring any action for specific performance because of the Statute of Frauds. With the express admission that the plaintiff, by its duly authorized agent, entered into the agreement, remaining in the record along with the amendment "to raise the issue of the Statute of Frauds to any verbal agreement to change the original written agreement," we cannot hold the decree erroneous on the ground that the contract was not signed by an authorized agent.

As a further defense it is claimed that the contract was forfeited after default in the payments as provided for therein. Plaintiff denies that it defaulted. As bearing upon this question the contruction of a portion of the contract is necessary. It provides for payment of $300 "on the 15th day of September, 1938, and on the 15th day of each October, November, December, January, February, March, April, May and June thereafter * * *," etc. Defendants say this provision calls for ten payments in each year including the month of September, while the plaintiff claims that it calls for only nine payments in each year after September, 1938. The master found this issue in favor of the defendants, but the court sustained exceptions to his report and decreed that the provision called for only nine payments in each year. If we considered only the words as above quoted, we would hold with the court, but we note in another portion of the contract it is said, in referring to taxes and insurance premiums which plaintiff was to pay: "One-tenth of the amount so estimated shall be payable at the time of each monthly payment." Further, the record shows that plaintiff actually made ten monthly payments (including one in September) in each of

several years. It explains this by saying that the September payment in each year was made to build up a surplus. In our opinion the master's finding on this point was correct.

It is argued by plaintiff that, even though it were in default, the contract was not forfeited according to its terms, and further that the default and forfeiture, if any, were waived because the owners accepted payments thereunder after the alleged default and forfeiture. The contract provided that in the event of default by the plaintiff "the said George Garst and Barbara Garst may, at their option, upon the giving of written notice in writing of their intention so to do, declare the interest of the said Zeta Building Corporation in this contract and in the said premises forfeited and at an end, * * *."

Courts of equity do not favor forfeitures. (*Kennedy* v. *Neil*, 333 Ill. 629; *Frankenfield* v. *Ross*, 328 Ill. 487.) The instrument relied upon by defendants as forfeiting the contract bore date June 19, 1943, was addressed to Zeta Corporation, and said: "My contract with you is now in arrears since March the first, 1941 and I wish to take this means of informing you that said contract dated September of 1938 is hereby forfeited as therein provided." The year 1941 was used inadvertently instead of 1943. The notice was not one of intention to declare a forfeiture, but is a clear expression of its authors that the contract is by that same instrument forfeited. In order to declare a forfeiture in a case of this kind, the contract must be strictly complied with by the vendor and notice given of intention to declare a forfeiture. (*Firke* v. *McClure*, 389 Ill. 543; *Plummer* v. *Worthington*, 321 Ill. 450.) We hold that the contract of September 1, 1938, was not forfeited according to its requirements.

Plaintiff was organized as an agency of Phi Kappa Tau fraternity to contract for and to hold title for it so that it could accommodate its members, who were attending the University of Illinois, by renting living quarters to them.

By July, 1943, a large portion of the college students, including those belonging to this fraternity, had entered military service in World War II. Other occupants for the fraternity house were needed and desired. About that time the University of Illinois needed quarters to house some of the Army men who were taking instructions at the university. The trustee, referred to in the lease as "fraternity," rented the premises to the university and collected the rents and had general charge of the building during the life of the lease. In this connection he was acting as trustee for the plaintiff and the Garsts and it cannot be said that the plaintiff abandoned and gave up possession of the premises.

September 27, 1944, there was a net balance in the hands of the trustee of $1912.22 as proceeds of rental of the premises in question. On that date the Garsts receipted the trustee for said sum and it was paid to and accepted by George Garst. All of the parties, by the receipt, agreed to save the said trustee harmless from loss or damage on account of such payment. This was long after the alleged forfeiture had taken place. A provision for forfeiture may be waived by subsequent dealing between the parties, such as acceptance of a payment after notice of forfeiture. (*Brown* v. *Jurczak,* 397 Ill. 532; *Palmer* v. *Meriden Britania Co.* 188 Ill. 508; *Moses* v. *Loomis,* 156 Ill. 392.) We hold that the forfeiture, even if valid, was waived by the Garsts.

The account between the parties became complicated and involved, and the plaintiff contends that it was unable to procure a proper accounting or a definite statement as to the amount owing under the contract, whereas the defendants contend that proper accounting was made. In any event, on April 4, 1946, the plaintiff tendered $25,308.20 to the defendants, which it had determined was the amount then due, which tender was refused. At the same time it offered to pay any further balance found due under the agreement which may be determined by a joint accounting

of the payments made and the expenses incurred in regard to the management of the property. On the same day it tendered the same amount in court which the clerk refused to accept, but he did sign a statement that that sum of money had been brought and offered to him. Plaintiff later tendered into court the amount found due by the decree, which the defendants also refused.

The interests of the tenant and the subsequent purchasers were acquired with knowledge of plaintiff's rights, title and interest in the premises and are subject thereto. There are many other minor issues presented and argued, but it will not be necessary for us to recite them, as the points already decided control the disposition of the case. The evidence was conflicting on most of them, and, the master in chancery having heard the witnesses and observed their demeanor, and the trial court having confirmed the facts found by the master, this court will not disturb the findings unless they are manifestly against the weight of the evidence. (*Finley* v. *Felter*, 403 Ill. 372; *Newman* v. *Youngblood*, 394 Ill. 617.) We find that the plaintiff made a proper and sufficient tender and was ready and offered to pay any sum that might be found to be due and still unpaid, and to comply with the contract on its part.

Defendants in their reply brief contend that the plaintiff has failed to state the propositions by which it seeks to meet the errors alleged by defendants and to sustain the decree, or by which the errors are obviated. While the plaintiff-appellee's brief does not caption its propositions so as to set them off as such, the substance of its propositions is, nevertheless, contained in its brief quite fully, even to the extent of pointing out certain claimed inaccuracies of appellants' brief.

It follows that the decree of the circuit court was proper, and it is accordingly affirmed.

*Decree affirmed.*