MILES HOMES, INC., Plaintiff-Appellant, *v.* JOSEPH MINTJAL *et al.,* Defendants-Appellees.

(No. 12227;

Fourth District—February 21, 1974.

Covey & Litterst, of Peoria (Roland N. Litterst, of counsel), for appellant.

Harris & Harris, of Lincoln, for appellees.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

Plaintiff Miles Homes, Inc., filed a second amended two-count complaint. Wrongful declaration of forfeiture of an agreement for deed and conspiracy were alleged. Plaintiff requested that it be permitted to redeem from the forfeiture and for specific performance. Upon motion of defendants, the second amended complaint was dismissed and judgment entered for defendants. Plaintiff appeals.

The motions to dismiss the second amended complaint alleged: (1) the complaint showed no duty on behalf of the defendants to the plaintiff because plaintiff had no interest in the property in question; (2) equitable defenses of laches and unclean hands; and (3) the complaint was vague, indefinite, conclusionary, and unsupported by any allegations of facts.

From the allegations of the complaint and the attached exhibits, it appears that in September 1964 Virgil D. Mileham and Gertrude Mileham, his wife, entered into an agreement for warranty deed to sell a lot in Logan County to John W. Wilkerson and Norma J. Wilkerson, husband and wife. The purchase price was $2750, with $400 down, and the balance in monthly payments of $25. Monthly payments were made from October 1964 to August 1966.

On November 6, 1964, the Wilkersons borrowed the sum of $9396 from the plaintiff. As security, the Wilkersons gave plaintiff a mortgage on the lot. This mortgage was recorded on November 30, 1964. The existence of the mortgage was known to all defendants in this action. The money loaned to the Wilkersons by the plaintiff was used to build a house on the lot.

Plaintiff is still owed $9396 on the note. When the payments on the lot were ended in August 1966, the unpaid balance on the lot stood at about $2000.

After discovering the Wilkersons' default on the installment contract, an agent for plaintiff in March 1968 offered to pay to the Milehams all sums due them under the installment land contract. This payment was refused. Shortly thereafter, without notice to plaintiff, the Milehams declared a forfeiture of the contract and obtained possession of the lot.

The lot was then deeded to defendant Joseph Mintjal by the Milehams for an amount greater than the $2000 still owed them by the Wilkersons, but for an amount less than the value of the property as improved. The conveyance to the defendant Mintjal is alleged to have been the result of a conspiracy between the defendants.

■■ Plaintiff's complaint must allege facts which if proved would support a judgment. (*Donehue v. Duvall*, 41 Ill.2d 377, 243 N.E.2d 222.) In

examining the complaint, this court is obliged to accept as true all facts properly pleaded as well as all reasonable inferences that can be drawn from these facts. *Psychogios v. Village of Skokie*, 4 Ill.App.3d 186, 280 N.E.2d 552.

Plaintiff has attached as exhibits a copy of the agreement for deed, the mortgage agreement, and a record of the Wilkersons' payments made on the property. The agreement states that the purchasers agree to do no act which would permit a lien to be made a charge against the lot. The purchasers also agree to make no improvement costing more than $25 without the written consent of the vendors. Payment for all improvements made are to be in cash and receipts exhibited therefor. Written consent of the vendor is required to any assignment of the purchaser's interest. The contract purchasers have the right of full or partial pre-payment.

The contract permits the vendors to declare a forfeiture for a breach. The vendors were permitted to treat any payments made as rent and liquidated damages. Written notice served upon the purchaser, his heirs, representatives or assigns of such forfeiture and election to re-enter and regain possession was set forth by the agreement as sufficient evidence of such election. The agreement also stated waiver of any of the rights of the vendor under the contract would not preclude the vendor from treating the contract at an end for any subsequent breach.

Plaintiff and defendants assert that the Illinois Supreme Court decision in *Eade v. Brownlee*, 29 Ill.2d 214, 193 N.E.2d 786, is dispositive of the issue of whether or not the facts allege a duty owed to the plaintiff by the defendants. The court there held that by reason of the doctrine of equitable conversion a purchaser in possession of realty under a contract for the purchase of the realty has an equitable estate which he can mortgage. The mortgagee will succeed to all the purchasers legal and equitable rights in the property at the time of the mortgage. However, the supreme court found the doctrine of equitable conversion not to be applicable where equitable considerations intervened or where the intent of the parties was that it would not apply. Such was the fact in *Eade.*

In *Eade,* the action had been brought by the vendor to confirm a forfeiture of the articles of agreement for warranty deed. The purported mortgagees had counterclaimed, seeking to pay the balance of purchase money due on the contract and for foreclosure of mortgages given by the purchaser. The supreme court affirmed the declaration of forfeiture. Because equitable conversion did not apply, the purchaser had no estate to mortgage. Therefore, the mortgagees had nothing on which they could foreclose. Additionally, the vendor had properly declared the forfeiture *before* the mortgagees offered to pay in the purchase money due. As a final matter, the court noted the equities of the case were not with the

mortgagees due to the fact that "* * * the mortgages were for shoddy improvements at a ridiculous cost." 29 Ill.2d at 220.

Defendants argue that the facts in this case are so similar to those in *Eade* that the plaintiffs had no interest in the lot in question. The agreement in this case did not specifically state that the purchaser took no title, either legal or equitable. Unlike the situation in *Eade,* the money loaned by plaintiff was used for substantial improvements. Also, plaintiff offered to pay the remaining balance due on the Wilkerson contract *before* the forfeiture was declared by defendants.

■■ Courts of equity recognize the right of parties to incorporate forfeiture provisions in contracts. However, equity will only permit a forfeiture where the right is clearly and unequivocally shown. If the forfeiture was properly declared, no subsequent performance, or offer to perform, no matter how strictly in compliance with the terms of the contract, will relieve the offending party from a forfeiture. *Kingsley v. Roeder,* 2 Ill.2d 131, 117 N.E.2d 82.

■■ The foregoing notwithstanding, forfeitures are not favored by courts of equity. Purchasers will be protected against forfeiture to prevent wrong or injustice. This is especially true where the agreement is simply one for the payment of money. A forfeiture of land caused by the nonperformance of the agreement will be set aside on behalf of the defaulting party or other relief granted on the payment of the debt with interest and costs, unless the purchaser has barred himself by his own conduct. *Rose v. Dolejs,* 1 Ill.2d 280, 116 N.E.2d 402.

■■ After the recording of the mortgage given by the Wilkersons, the escrow agent accepted some 20 more monthly payments on the lot from the Wilkersons. Additionally, plaintiff's agent contacted the defendants Mileham and offered to pay all sums due under the contract for deed between the Milehams and the Wilkersons. These facts, if proved, are sufficient to put the defendants Mileham upon notice of the assertion of an interest on behalf of the plaintiffs in the property in question.

Contrary to the explicit provisions of the agreement, written notice of forfeiture was not served on the assigns of the purchasers. The election to forfeiture could not be made only in the minds of the vendors, but such election could only become effective following notice to the purchasers or their assigns. *Lovins v. Kelley,* 19 Ill.2d 25, 166 N.E.2d 69.

■■ The defendants rely upon noncompliance with the terms of the contract by the plaintiffs' assignors. However, by their failure to elect to declare a forfeiture at the time of noncompliance, defendants waived their right to make this election on these grounds. They are now estopped to assert that plaintiff took no interest in the property. (*Brown v. Jurczak,* 397 Ill. 532, 74 N.E.2d 821.) Forfeiture cannot now be declared until the

vendee is given reasonable notice of seller's intention to henceforth demand strict compliance with the terms of the agreement. (*Forest Preserve Real Estate Improvement Corp. v. Miller*, 379 Ill. 375, 41 N.E.2d 526; *Lang v. Parks*, 19 Ill.2d 223, 166 N.E.2d 10; *Rose v. Dolejs; Kingsley v. Roeder.*) The situation usually arises where payments have been made and accepted in violation of a time-of-the-essence clause. However, this court has decided the same rule applies for other violations of the agreement for deed. See *Jackson v. Russell*, 53 Ill.App.2d 30, 202 N.E.2d 356. ■■ Under the terms of the contract, payment of the full balance due could be made in advance. This plaintiff offered to do *before* forfeiture was declared. Plaintiff presently stands ready to pay defendants the full amount due them under the contract for deed. In *Lovins v. Kelley*, the court held that a valid tender of payment had been made, even though it had not been made by the purchaser under the agreement for deed. Specific performance was an available remedy. Thus, it was error to dismiss Count I of the complaint.

A general charge that a party participated in the conspiracy is a statement of a conclusion. (*Cummings v. Commonwealth Edison Co.*, 64 Ill.App.2d 320, 213 N.E.2d 18; *Commercial Products Corp. v. Briegel*, 101 Ill.App.2d 156, 242 N.E.2d 317.) In this count plaintiff alleges a conspiracy between defendants Milehams and defendant Mintjal to appropriate to their own benefit the property rights of the plaintiff. The declaration of forfeiture without notice to plaintiff is the first overt act alleged. The second is the conveyance of the property to defendant Mintjal for a consideration smaller than the value of the property but substantially larger than the $2000 due the Milehams on the contract for deed. Plaintiff has alleged only that the defendants have entered into a conspiracy. It fails to connect the two alleged overt acts with the conspiracy.

■■ Plaintiff filed its original complaint on June 2, 1970. Plaintiff does not allege the exact date of the declaration of forfeiture, but its agent offered to pay all sums due under the contract in March of 1968. This 26-month interval before plaintiff brought suit is the basis of a claim that plaintiff was guilty of laches. During this period, Virgil Mileham, one of the parties to the agreement for deed with the Wilkersons, died. Defendants contend this will deprive them of essential testimony. Defendant Mintjal alleges that during this period he has entered into possession of the property and expended large sums of money in improving it. Defendants must establish they have been prejudiced by the plaintiff's delay in filing its action. (*Andre v. Blackwell Electronics Industrial Co.*, 7 Ill.App.3d 970, 289 N.E.2d 27.) This is in addition to the requirement that there be a neglect or omission to assert a right after having had

reasonable knowledge of all the facts necessary to the assertion of the claim. *Gill v. Gill*, 8 Ill.App.3d 625, 290 N.E.2d 897.

We cannot say as a matter of law that either defendant has been prejudiced by plaintiff's delay in bringing suit. Testimony concerning the transactions surrounding the agreement for deed appears to still be available on behalf of both the vendors and the purchasers. The issue is now moot as to defendant Mintjal.

Trial of this case may indicate the equities are not with the plaintiff. It may also show, in fact, no interest was taken sufficient to support any claim of plaintiff. However, we believe Count I of the second amended complaint sufficient to state a cause of action.

■■ We affirm the trial court in its dismissal of Count II of the second amended complaint, and reverse and remand Count I of the second amended complaint, and remand to the trial court for further proceedings.

Affirmed in part, reversed in part, and remanded with directions.

SIMKINS and KUNCE, JJ., concur.