JUSTICE "VAN DEUSEN
 

 delivered the opinion of the court:
 

 Following trial on plaintiffs’ complaint for declaratory judgment, accounting, injunction against forfeiture, and damages, and on defendant’s counterclaim for forcible entry and detainer, judgment was entered against plaintiffs on their complaint and in favor of defendant on her counterclaim for forcible entry and detainer. Plaintiffs have appealed that judgment.
 

 Plaintiffs, Richard A. Ferrara and Howard A. Diercks, entered into a contract to purchase certain commercial property from defendant, Gertrude Collins. A closing meeting for this sale was held on January 15, 1980. The instant dispute arises from that closing and the resolution reached, if any, by the parties concerning credits for rents, utilities, attorney fees and taxes. The dispute climaxed in April 1980 when plaintiffs asked defendant about payment on the anticipated 1979 property taxes. Defendant refused to pay the 1979 tax bill on the grounds that as a result of the agreement reached at closing concerning credits, she owed the plaintiffs no further money. Plaintiffs, to the contrary, claimed that they had credits due for rents and advised defendant that they would withhold the contract installments for May and June 1980 for the purpose of paying the 1979 real estate taxes. When the monthly installment for May was not made, the defendant, on May 13, 1980, served a notice of default on plaintiffs. Among other things, the notice advised the plaintiffs that they were in default for failure to make the May 1 monthly payment, and that it was the intent of the defendant to declare a forfeiture if the default was not corrected within 35 days.
 

 On June 17, plaintiffs filed their lawsuit and defendant answered and counterclaimed for possession under the Forcible Entry and Detainer Act (Ill. Rev. Stat. 1979, ch. 57, par. 13). On July 13, 1980, plaintiffs were served with a declaration of forfeiture by defendant on the grounds that plaintiffs had failed as of that date to make May and June installment payments on the contract. Plaintiffs did .not make any monthly payments on the contract during the months of May and June of 1980, but during the pendency of the lawsuit did thereafter make payments in July, August, September and November of 1980, and January, February, April and May of 1981. The trial court, in its judgment order, found inter alia, that as of June 26, 1981, the plaintiffs were in arrears on their monthly payments, as per the articles agreement, in the sum of $5,731, together with interest for late payment of $981.84.
 

 Before considering the issues raised by the plaintiffs on this appeal, we first note that the defendant’s assertion regarding the failure of the record to demonstrate that plaintiffs have standing to bring this appeal is, under the state of this record, without merit.
 

 With reference to their action for an accounting, plaintiffs contend that the trial court erred in finding that all prorations were agreed at the January 15, 1980, closing and plaintiffs were not entitled to an accounting. Citing Nieberding v. Phoenix Manufacturing Co. (1961), 31 Ill. App. 2d 350, plaintiffs correctly concede that whether a party has established a cause of action for an accounting is a question of fact for the court, and the court’s finding "on the question will not be disturbed unless it is against the manifest weight of the evidence. (31 Ill. App. 3d 350, 356.) Plaintiffs then proceed to urge that the more believable testimony did establish, by the manifest weight of the evidence, their right to an accounting. Our review of the record indicates that there was sufficient, credible evidence presented for the trial court to conclude that the parties had finalized the closing accounts. Factual support for the trial judge’s conclusion was so extensive that he opined that the plaintiffs’ request for a formal accounting had been, in substance, fulfilled. In an equitable proceeding it is largely a matter within the discretion of the trial court as to whether an accounting will be ordered. (Bung-Orn Netisingha v. End of the Line, Inc. (1982), 107 Ill. App. 3d 275, 278; Dailey v. Sunset Hills Trust Estate (1975), 30 Ill. App. 3d 121, 125.) No precise guidelines exist for determining when an accounting is warranted, since the right depends upon the circumstances of the particular case and the relief sought. (30 Ill. App. 3d 121, 125.) The trial court did not abuse its discretion in denying an accounting, and its finding in this regard is not against the manifest weight of the evidence.
 

 Plaintiffs principal contention on appeal is that the trial court erred in entering its contract forfeiture order and granting possession to defendant because defendant, by her conduct, had waived her right to declare a forfeiture of plaintiffs’ rights under the articles of agreement between the parties. We are unpersuaded by defendant’s initial argument that the trial judge abused his discretion in allowing this issue to be raised by an amended pleading. The granting of leave to amend pleadings rests in the sound discretion of the trial court and the record presented on this appeal does not reveal an abuse of that discretion. Intini v. Schwartz (1979), 78 Ill. App. 3d 575, 579; Ill. Rev. Stat. 1981, ch. 110, pars. 2 — 616(a),(c).
 

 A
 

 The merits of plaintiffs’ waiver argument can be divided into two branches. Plaintiffs’ initial argument is that defendant, by her acceptance of tardy monthly payments prior to May 1980, waived her right to declare a forfeiture because of a delinquent May installment. This contention has no merit. First, it was not raised in the trial court and therefore cannot be raised for the first time on appeal (Kravis v. Smith Marine, Inc. (1975), 60 Ill. 2d 141, 147); secondly, it has no application under the facts of this case. Plaintiffs’ theory of waiver applies when the contract seller, having established a pattern of accepting late payments and lulling buyer into a belief that such late payments would be accepted, refuses to accept a subsequent late payment and declares a forfeiture. (Kingsley v. Roeder (1954), 2 Ill. 2d 131, 139.) This theory has no application in a case such as the present one, where the buyers were not merely tardy in paying installments but deliberately suspended payments for May and June of 1980. See Hartman v. Hartman (1973), 11 Ill. App. 3d 524.
 

 B
 

 The second and critical basis of plaintiffs’ waiver argument was that defendant, by her acceptance of numerous contract payments after her declaration of forfeiture and during the pendency of the litigation, is estopped from proceeding on her forcible entry and detainer action. The gist of plaintiffs’ case is that “equity abhors a forfeiture” and a court must give land purchasers the benefit of any possible equitable relief to avoid such a harsh result. (See Allabastro v. Wheaton National Bank (1979), 77 Ill. App. 3d 359; Krentz v. Johnson (1976), 36 Ill. App. 3d 142; Miles Homes, Inc. v. Mintjal (1974), 17 Ill. App. 3d 642.) Plaintiffs argue that a provision for forfeiture should be deemed waived if the seller subsequently accepts contract payments after notice of forfeiture. Zeta Building Corp. v. Garst (1951), 408 Ill. 519, 524.
 

 Illinois precedent states that whether a real estate seller’s conduct constitutes a waiver of contract forfeiture rights is ordinarily a question of fact. (Aden v. Alwardt (1979), 76 Ill. App. 3d 54, 60; Brown v. Jurczak (1947), 397 Ill. 532, 545.) The law governing this factual determination begins from the touchstone that courts of equity recognize the right of competent parties to incorporate forfeiture provisions in their contracts and will give effect to such clauses whenever declared in the manner prescribed by contract. MacDonald v. Barlett (1927), 324 Ill. 549, 558; Bade v. Brownlee (1963), 29 Ill. 2d 214, 219; Allabastro v. Wheaton National Bank (1979), 77 Ill. App. 3d 359, 366.
 

 The court in Miles Homes, Inc. v. Mintjal (1974), 17 Ill. App. 3d 642, succinctly summarized the guiding principles of the relevant body of law as follows:
 

 “Courts of equity recognize the right of parties to incorporate forfeiture provisions in contracts. However, equity will only permit a forfeiture where the right is clearly and unequivocally shown. If the forfeiture was properly declared, no subsequent performance, or offer to perform, no matter how strictly in compliance with the terms of the contract, will relieve the offending party from a forfeiture. Kingsley v. Roeder, 2 Ill. 2d 131,117 N.E.2d 82.
 

 The foregoing notwithstanding, forfeitures are not favored by courts of equity. Purchasers will be protected against forfeiture to prevent wrong or injustice. This is especially true where the agreement is simply one for the payment of money. A forfeiture of land caused by the nonperformance of the agreement will be set aside on behalf of the defaulting party or other relief granted on the payment of the debt with interest and costs, unless the purchaser has barred himself by his own conduct. Rose v. Dolejs, 1 Ill. 2d 280, 116 N.E.2d 402.” (17 Ill. App. 3d 642, 646.)
 

 Plaintiffs, in the mistaken belief that defendant owed them money, deliberately chose not to make the May and June installment payments despite the fact that they had received notice that forfeiture would be declared if the contract defects were not cured. The plaintiffs remained in default at the time the forfeiture was declared. It is true that during the course of the litigation plaintiffs did make substantial payments on the contract, but at all times they remained in arrears and were correctly found by the trial court to be in arrears at the time of judgment. Thus, while defendant correctly notes that the Illinois Supreme Court in Zeta Building Corp. v. Garst (1951), 408 Ill. 519, found a seller could waive his forfeiture rights, the court in that case also gave considerable weight to the fact that the purchasers made proper and sufficient tender of the amounts due, as well as offering to pay any sum the court found still owing and promising to fully comply with all contract terms. (408 Ill. 519, 520.) Unlike the plaintiff in the Zeta Building Corp. case, the purchasers in the immediate dispute did not make a proper tender of all payments due, nor did they offer to pay any sum the court might find due and owing or promise to comply fully with the parties’ contract.
 

 We also take note and agree with the lower court’s reliance on the Forcible Entry and Detainer Act (Ill. Rev. Stat. 1979, ch. 57, par. 13, now found at Ill. Rev. Stat. 1981, ch. 110, par. 9 — 110) in granting defendant possession of the rental property. This statutory device permits a court to give defaulting contract purchasers, regardless of the reasons for default, a grace period in which to cure all defects and thereby avoid forfeiture of their contract rights. (See Mallin v. Najarian (1979), 76 Ill. App. 3d 441.) Once the judge in the instant case found plaintiffs’ waiver defense to be without merit and gave possession to the defendant, plaintiffs still had a 60-day grace period in which to comply with the court’s default decree and resurrect their contract rights. Thus, irrespective of waiver principles, plaintiffs could have salvaged their ownership rights by compliance with the lower court’s judgment.
 

 Under these circumstances, we cannot say that the trial court’s determination that defendant, by her conduct in accepting late payments during the course of the litigation, had not waived her right to a forfeiture of the contract was against the manifest weight of the evidence.
 

 Plaintiffs further contend that the court erred in awarding attorney fees because they were not provided for in the contract between the parties. The agreement between the parties provides that in case the purchasers fail to make payments or to perform any other contract covenant, the seller may serve any notice or take any legal action to force collection or performance and the costs of reasonable attorney fees thereof will be added to the principal of the agreement. Plaintiffs take the position that an action to compel forfeiture of the contract is not an action to “enforce the contract” and therefore associated legal costs are not their burden. While it is true, as defendant states, that contract provisions regarding attorney fees will be strictly construed (see Verni v. Imperial Manor of Oak Park Condominium, Inc. (1981), 99 Ill. App. 3d 1062), those provisions are to be enforced in the discretion of the trial court. (Aluminum Coil Anodizing Corp. v. First National Bank & Trust Co. (1978), 64 Ill. App. 3d 256, 259.) Where attorney fees are authorized by contract, a court may properly award them according to the specific language of the contract. (Qazi v. Ismail (1977), 50 Ill. App. 3d 271, 273.) Since the instant contract included provisions for termination of the agreement, enforcement of those provisions is the same as enforcement of any other covenant of the contract; therefore, the purchasers are liable for the fees incurred in enforcing the termination provisions.
 

 The court’s award of attorney fees is further supported by section 13 of the Forcible Entry and Detainer Act which permits the court, if the parties’ contract so allows, to assess reasonable attorney fees against the defaulting purchaser for actions taken by the seller under the Act. (Ill. Rev. Stat. 1979, ch. 57, par. 13, now found at Ill. Rev. Stat. 1981, ch. 110, par. 9 — 110.) Since the defendant’s notice of default included a notice of intention to proceed under the Act, intertwining all relevant legal matters, the costs involved can be assessed to plaintiffs. The trial court properly awarded attorney fees to the defendant.
 

 The judgment of the trial court is affirmed.
 

 REINHARD and HOPF, JJ., concur.