Luther Richardson, Plaintiff-Appellant, v. William Hirschell Eichhorn, Defendant-Appellee.

Term No. 58–M–5.

Fourth District.

July 26, 1958.

Released for publication August 13, 1958.

Lansden & Lansden, of Cairo, for plaintiff-appellant.

Joe Crain, of Mound City, for defendant-appellee.

JUDGE SCHEINEMAN delivered the opinion of the court.

This case involves a question of pleading. The complaint was stricken on motion grounded on the failure to set forth in what way the defendant was negligent, and for the further reason that the same points were again presented which had been ruled upon by the court in previously striking the complaint. After this latest ruling the plaintiff again did not elect to stand on his complaint, but asked leave to amend. The defendant objected on the ground of harassment.

The prior history of the suit as shown by the abstract was as follows: the original complaint was filed May 17, 1950 and it was attacked by motion which was sustained, and the plaintiff given leave to amend. The same thing occurred six times during the ensuing seven years. The ruling now before the court was the seventh time the complaint had been stricken on motion. With these circumstances before it, the court denied leave to amend and dismissed the suit at plaintiff's costs.

On this appeal, the plaintiff does not contend that there was any abuse of discretion in denying leave to amend. The only contention is that the complaint was sufficient and should not have been stricken. Aside from the question whether this point is properly raised under the procedure followed, we are satisfied that adequate grounds are shown to justify the ruling.

The complaint alleges that plaintiff was in defendant's theater building for the purpose of repairing seats. It states that he stepped upon a small object which caused him to fall, that the nature of the object is unknown to plaintiff but it was less than half an

inch at its greatest dimension. There is nothing to indicate who put the object there nor how long it had been on the floor. It is not stated that defendant or any agent or servant of defendant was present, or in any position to see the object. It is alleged that its presence could not have been known to plaintiff by exercising reasonable diligence. There is nothing to indicate why defendant could be charged with knowledge of its presence when the plaintiff, who necessarily was present, could not know of it by exercising reasonable diligence.

The complaint also contained generalized conclusions of the pleader with no statement of facts to support them. For example, it charges that defendant: "Carelessly, negligently and improperly operated, controlled and maintained the theater building and its floor." This is somewhat elaborated by the further conclusion that the object had been there long enough to infer that defendant, exercising ordinary care could know of it, although the plaintiff could not have known of it by exercising ordinary care.

Plaintiff argues that the object might have been a piece of corn, or hard candy, dropped by a child, or a pebble carried in on a shoe. There is no claim that defendant placed it there. The defendant answers that it is equally possible that it was a seat bolt, something that might have dropped off the seats while plaintiff was repairing them, and argues its mere presence cannot raise any inference of the time it was there, and to allow such an inference with no facts to support it, would make the defendant an insurer of the safety of all invitees.

■ The law is that the owner is not an insurer, and that, if the act of a third person is involved, it is necessary to allege and prove that defendant knew of the unsafe condition, or that it existed for a period of time from which it might be inferred that had he been exercising ordinary care he would have learned

275

of it. Schmelzel v. Kroger Grocery & Baking Co., 342 Ill. App. 501; Donoho v. O'Connell's, Inc., 13 Ill.2d 113; Calvert v. Springfield Electric Light and Power Co., 231 Ill. 290.

■ It may be observed that plaintiff has simply paraphrased the above statement of law in his complaint, as though he needs only to say that his case will meet legal requirements, without stating the facts. This is a misinterpretation of the citations. The cases were not dealing with the formalities of pleading and could not have been, since they were reviews after judgment based on evidence. In that situation, the complaint may be sufficient even though it is indefinite and uncertain and the cause of action is stated defectively. 30 I. L. P. Pleading, Sec. 239.

■ This is not the same situation. Here the complaint is directly attacked by motion; the motion admits facts well pleaded, and conclusions may be proper if based on facts set forth, but the motion does not admit conclusions or inferences by the pleader, such as conclusions of law or of fact unsupported by allegations of specific facts on which the conclusions must rest. 30 I. L. P. Pleading, Sec. 188.

The case of Schmelzel v. Kroger Grocery & Baking Co., 342 Ill. App. 501, previously cited, involved a woman who had slipped on a piece of lettuce in defendant's premises. There was nothing to indicate how long the foreign substance had been there, and the decision was that a directed verdict was proper. Thus, the facts relied upon to show a lapse of time sufficient to support an inference of knowledge, were the heart of the case.

It follows that, in this case, if there are no facts which tend to indicate how long the foreign substance had been on the floor, the plaintiff has no case, and it would be useless to proceed to a trial in which the proper result would be a directed verdict for defendant.

On the other hand, if there are such facts, then it is obligatory that plaintiff state them, so that the defendant may prepare his defense, and the mere conclusion or inference that such facts exist is not proper.

██ Accordingly, the motion was properly sustained on the insufficiencies of the complaint. The motion also stated another ground, in that the same question had been previously decided. This point is ignored in plaintiff's brief. The abstract does not give the substance of the prior pleadings and motions, but the court's various orders show that this may very well have been the basis of the decision. If the amendments made by leave of court made no substantial change in the complaint previously held bad, the court had a right to reject an attempt to re-litigate the same points already decided. This ground, omitted from plaintiff's brief and not adequately abstracted is, in itself, sufficient to uphold the ruling. The judgment is affirmed.

Judgment affirmed.

BARDENS, P. J. and CULBERTSON, J., concur.