NORTHROP CORPORATION, Plaintiff and Third–Party Plaintiff-Appellant, v. CROUCH-WALKER, INC., Third–Party Defendant-Appellee (M. W. Powell Company, Third–Party Defendant-Appellee; Carter-Hawley Hale Stores, Inc., Defendant).

First District (5th Division)   No. 85—0197

Opinion filed September 23, 1988.

John E. Frey and Roderick A. Palmore, both of Wildman, Harrold, Allen & Dixon, of Chicago, for appellant.

Clausen, Miller, Gorman, Caffrey & Witous, P.C., of Chicago (James T. Ferrini and Michael W. Duffy, of counsel), for appellee M. W. Powell Company.

French, Rogers, Kezelis & Kominiarek, of Chicago, for appellee Crouch-Walker, Inc.

JUSTICE PINCHAM delivered the opinion of the court:

Northrop Corporation (Northrop), a general construction company, filed a complaint against Carter-Hawley Hale Stores, Inc. (Carter Hawley), for monies due Northrop under a construction contract with Northrop. Carter Hawley responded by filing a counterclaim against Northrop which alleged defects in the construction. In response to Carter Hawley's counterclaim, Northrop filed third-party complaints against two subcontractors, Crouch-Walker Corporation (Crouch-Walker) and M. W. Powell Company (Powell). The trial court granted the motions of the third-party defendants, Crouch-Walker and Powell, to strike and dismiss Northrop's third-party complaint and denied Northrop's motion for leave to amend, from which Northrop appeals.

In July 1974, Carter Hawley and Northrop entered into a contract for the construction of a Nieman Marcus retail specialty store. Northrop agreed to design, construct and install the exterior masonry wall panels and travertine work of the store. The contract between Carter Hawley and Northrop also provided that Carter Hawley was to either assign certain subcontracts to the contractor, Northrop, or require Northrop to enter into the subcontracts. Northrop agreed to supervise, administer and coordinate all work under the assigned subcontracts. Northrop entered into a subcontract with Crouch-Walker for the installation of the masonry, wall panel and travertine work of the store. Crouch-Walker guaranteed that it would install the work using the methodology set forth and in accordance with Northrop's gen-

eral contract plans and specifications. Powell subcontracted with Northrop to provide the roofing, sheet metal and membrane waterproofing for the store.

Northrop's complaint against Carter Hawley sought money due Northrop from Carter Hawley under the contract between them. Carter Hawley's amended counterclaim against Northrop alleged serious leaks in the roof, abnormal settling of the sidewalks and that Northrop failed to properly design, construct and install the wall panels and exterior travertine as Northrop had contracted. Northrop's second amended third-party complaint against Crouch-Walker and Powell alleged that Crouch-Walker and Powell were responsible for the leaks in the roof and the faulty construction of the Nieman Marcus store and that they were therefore liable. Crouch-Walker and Powell moved to dismiss Northrop's initial third-party complaint on the ground that Northrop's claim for recovery was based on article XVII of the subcontract, a provision that Crouch-Walker and Powell would indemnify Northrop for Northrop's negligence, in violation of section 1 of "An Act in relation to indemnity in certain contracts" (Ill. Rev. Stat. 1983, ch. 29, par. 61), which voids agreements for indemnification for one's own negligence as against public policy. In its second amended third-party complaint, Northrop did not cite or rely on article XVII of the subcontract, which provided for Crouch-Walker and Powell's indemnification of Northrop for Northrop's negligence, and during the trial court proceeding to dismiss its second amended third-party complaint, Northrop expressly denied that it relied on article XVII and urged that its claims against Crouch-Walker and Powell were for breach of contract. Moreover, Northrop asserted that it was entitled to recover against Crouch-Walker and Powell, not because of the indemnity provision of article XVII of the subcontract, but rather because of Crouch-Walker and Powell's alleged breaches of the other covenants and warranties in the subcontracts. Notwithstanding Northrop's arguments, the trial court concluded that Northrop was essentially attempting to circumvent the prohibition of section 1 (Ill. Rev. Stat. 1985, ch. 29, par. 61) against the indemnification of a construction contractor from its own negligence and held that Northrop had failed to state a cause of action against Crouch-Walker and Powell and dismissed Northrop's second amended third-party complaint. The trial court denied Northrop's motion for leave to amend. Northrop appeals from the order dismissing its second amended third-party complaint and from the order denying it leave to file an amended third-party complaint.

■ In order to survive a motion to dismiss, a complaint must

state a cause of action that is both legally and factually sufficient. A legally sufficient complaint is one which sets forth a legally recognized claim upon which the plaintiff is entitled to recover damages. A factually sufficient complaint must plead facts which are essential to the plaintiff's alleged cause of action. Failing either factual or legal sufficiency, the complaint must be dismissed. *People ex rel. Fahner v. Carriage Way West, Inc.* (1981), 88 Ill. 2d 300.

■ Northrop's second amended third-party complaint against Crouch-Walker and Powell alleged that the subcontractors breached certain express provisions and implied warranties contained in their contracts with Northrop. In so doing, contrary to the conclusion of the trial court, Northrop did set forth a legally recognized claim, breach of contract, against the subcontractors, upon which relief could be granted. Northrop's complaint was therefore legally sufficient. Because the trial court erroneously concluded that Northrop's second amended third-party complaint sought recovery against Crouch-Walker and Powell as an invalid indemnification claim, the trial court incorrectly dismissed it.

Northrop predicated its breach of express and implied contract claims upon allegations that Crouch-Walker and Powell failed to perform in a workmanlike manner, failed to use proper construction materials and constructed the building with major flaws and defects. In Northrop's pleadings against Crouch-Walker and Powell, Northrop adopted the allegations in Carter Hawley's amended counterclaim against Northrop as Northrop's own allegations and incorporated them in Northrop's second amended complaint as Northrop's allegations against Crouch-Walker and Powell. It is instructive to examine the pertinent provisions of Northrop's adopted and incorporated allegations against Crouch-Walker and Powell of the Carter Hawley amended counterclaim. Count I of Carter Hawley's amended counterclaim against Northrop, which became Northrop's allegations against Crouch-Walker and Powell, specifically alleged (substituting Crouch-Walker and Powell for Northrop):

> "(4) Under the terms of the contract, [Northrop] expressly agreed to perform its work in accordance with the Contract, expressly agreed to do its work in a workmanlike manner, 'and expressly warranted that' *** all work would be of good quality, free from faults and defects and in conformance with the Contract Documents:
>
> (5) [Northrop] failed to perform its Work under the Contract in the following respects:
>
> (a) [Northrop] failed to properly design, construct and in-

stall the exterior travertine walls utilizing the 'conventional system,' as proposed by [Northrop], resulting in serious deficiencies ***;

(b) [Northrop] failed to properly construct the roof of the building, resulting in numerous and continuing roof leaks;

(c) [Northrop] failed to properly waterproof the exterior walls of the building ***;

(d) [Northrop] failed to properly construct the sidewalks of the Project, resulting in abnormal settling of the sidewalks in many areas."

Count III of the amended counterclaim by Carter Hawley further specifically alleged, *inter alia*, that Northrop breached the construction contract when:

"(a) [Northrop] used gypsum, rather than mortar, to fasten the stainless steel anchors ***."

"(f) [Northrop] improperly used painted, rather than stainless steel for support angles in some locations ***."

"(c) [Northrop] improperly used a product known as Pyrokane for the vapor barrier on the roof, instead of the proper materials."

As previously stated, Northrop's original third-party complaint against Crouch-Walker and Powell relied on the invalid provision of article XVII of the subcontract which provided for Northrop's indemnification by Crouch-Walker and Powell for Northrop's negligence, and for which reason the trial court dismissed it and granted Northrop leave to file its amended third-party complaint. At the hearing of Crouch-Walker and Powell's motion to dismiss Northrop's second amended third-party complaint, Powell's attorney stated to the trial court:

"Powell and Crouch-Walker *** have gone through basically the same type of motion that we will go through here again today and we have already argued this one before today and that is *** on the first amended third-party complaint at law we noted upon our arguments that the complaint of the third-party plaintiff here was relying upon a provision in the subcontract agreement *** wherein this particular general contractor wished to have itself indemnified for its own wrongful conduct and pursuant to chapter 29, section 61, you dismissed all six counts; three against M. W. Powell and three against Crouch-Walker, and they repleaded.

Again, by looking at the second amended third-party complaint and reading the allegations within the four corners of the

pleading \*\*\* it cannot be overlooked and it cannot be doubted that third-party plaintiff [Northrop] is trying the same thing again.

\*\*\* [A] general contractor [Northrop] is trying to indemnify himself or itself for its own wrongful conduct.

For the same arguments that you found the six counts last summer to be deficient, it is the argument of M. W. Powell and Crouch-Walker that these same six counts be deficient once again substantively. We have never gotten to the technical argument based upon pleading."

Northrop's attorney responded:

"Northrop's second amended third-party complaint contains absolutely no reference to Article 17 which is the paragraph of the subcontract which attempts to indemnify the contractor for its own negligent conduct. We don't rely upon that provision at all in the second amended third-party complaint, and we specifically rely upon other provisions of the contract to bring this third-party action against these third-party defendants."

Northrop's attorney additionally stated:

"Our position in this is that we can move under Article 22 and Article 3 pursuant to those guaranty and warranty provisions \*\*\* Articles 3 and 22 do not have reference to any negligence on the part of the contractor and \*\*\* would not seek to impose any obligation on the third-party defendants for any negligence by the contractor. It's only a guaranty and warranty of the work and to that extent it is different. It's a different obligation."

Powell's attorney retorted:

"[W]e have here the third-party plaintiff general contractor trying to do something indirectly which it could not do directly \*\*\*. The plaintiff here is relying upon an indemnity cause of action \*\*\*. \*\*\* [B]asically you have the same thing in the second amended third-party complaint that you did in the first amended third-party complaint which you dismissed all six counts against these two defendants."

Northrop's attorney replied:

"[T]here are no negligence counts in [Northrop's second amended third-party complaint.] We are not seeking to shift, and so if there is liability found for the contractor \*\*\* it's not on a negligence basis. Those are on warranty and guaranty provisions \*\*\*. We are not attempting to shift liability for negligence \*\*\*. We are attempting to invoke the contractual provi-

sions of guaranty and warranty for the work which was done not by the contractor, but by the subcontractor. There is no attempt to shift blame for negligence."

In sustaining Crouch-Walker and Powell's motion to dismiss and in dismissing Northrop's second amended third-party complaint, the trial court stated, *inter alia*:

"[It] seems to me that we really have nothing essentially different in the instant pleading than in the first pleadings. That the real thrust of these counts are still for indemnification and I would sustain the motion [to dismiss] on that score ***."

■ As previously pointed out, Northrop's causes of action against Crouch-Walker and Powell were not predicated on the invalid article XVII of the subcontract, which unlawfully sought to have Crouch-Walker and Powell indemnify Northrop for Northrop's own negligence. Rather, Northrop's action against Crouch-Walker and Powell was for Crouch-Walker and Powell's breach of warranties and guarantees and the contract in the performance of their construction work that they had warranted, guaranteed and contracted to perform. The trial court therefore erred in dismissing Northrop's second amended third-party complaint on the trial court's erroneously stated reason that it sought indemnity for Northrop's negligence. The trial court erroneously ruled that, in effect, as a matter of law, Northrop's claim against Crouch-Walker and Powell for breach of warranty, guaranty and contract in the construction was barred by section 1 (Ill. Rev. Stat. 1983, ch. 20, par. 61), which only prohibits indemnification for one's own negligence. Northrop's second amended third-party complaint stated a cause of action which was legally sufficient. It set forth legally recognized claims upon which Northrop was entitled to recover damages and it should not have been dismissed on the aforementioned grounds stated by the trial court. *Anixter Brothers, Inc. v. Central Steel & Wire Co.* (1984), 123 Ill. App. 3d 947, 953, 463 N.E.2d 913; *Bardorski v. Commonwealth Edison Co.* (1980), 89 Ill. App. 3d 494, 496, 411 N.E.2d 924.

At the hearing of Crouch-Walker and Powell's motion to dismiss Northrop's second amended third-party complaint, Crouch-Walker and Powell additionally urged that the allegations of Northrop's second amended third-party complaint were not specific, were factually deficient and failed to adequately state a cause of action. The trial court directed the attorneys to "go on to the second point dealing with the allegations themselves," and the claimed factual deficiencies of Northrop's second amended third-party complaint against Powell for Powell's installation of the faulty, leaking roof, in violation of the con-

tractor's warranty and guaranty. Powell's attorney responded, "[T]here would be no need to go to the second point if ***." The trial court interjected, "I know, but I like to hear everything I can." Thereupon, Powell's attorney merely replied:

"I am not told what my roofer did wrong. There is *** a conclusory allegation *** that the roof was not done in a workmanlike manner ***. I should be factually told what my roofer did wrong in some way. At least giving me some hint as to how I breached an implied warranty; how I breached a contractual indemnity and what I did in a contractual count as to make this roof not watertight."

In urging that the factual allegations of Northrop's second amended third-party complaint were factually specific, Northrop's attorney pointed out that the complaint alleged that the subcontractors

"failed to properly design and construct and install the exterior travertine walls using the 'conventional system' as proposed by it. Failed to properly waterproof the exterior walls of the building including the parapet wall resulting in leaks. Constructed the sidewalks so that the sidewalks settled. *** There was a guaranty that the work would remain airtight ***. There is a guaranty provision of watertightness. Guaranteed that the wall work and parapet work would remain watertight. Guaranteed with respect to the membrane waterproofing and insulation would not leak and guaranteed the roofing. So, our position, Your Honor, is those are specific allegations ***."

On the question of the factual sufficiency of the pleadings of Northrop's second amended third-party complaint against Crouch-Walker and Powell, the trial court concluded: "[I]t seems to me that *Knox* [*Knox College v. Celotex Corporation* (1981), 88 Ill. 2d 407] is not complied with."

The supreme court in *Knox* cited the historical and practice notes to section 42(2) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 42(2) (now section 2—612 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—612))), which state:

"Subsection 2 must be construed with other sections of the Act and cannot be interpreted as making other sections inoperative. Section 31 of the Act requires '*substantial averments of fact* necessary to state any cause of action.' Section 33 of the Act requires 'a plain and concise statement of the pleader's cause of action.' Sections 33 and 43 of the Act require each cause of action or defense to be separately pleaded and designated. *** The present section does not replace these sections,

but permits formal defects to be ignored, and makes it unnecessary to state all facts that would be material if the parties were strangers to the litigation. It does not relieve the pleader of the necessity of stating a cause of action. [Citation.]

\* \* \*

Notice pleading, which prevails under the federal rules [citation], is not sufficient under the Illinois Civil Practice Act. \*\*\* A pleading which merely paraphrases the law, 'as though \*\*\* to say that [the pleader's] case will meet the legal requirements, without stating the fact,' is insufficient. *Richardson v. Eichhorn*, 18 Ill. App. 2d 273, 276, 151 N.E.2d 819, 821 (4th Dist. 1958)." Ill. Ann. Stat., ch. 110, par. 42, Historical & Practice Notes, at 98-99 (Smith-Hurd 1968).

In *Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, the plaintiff Knox also alleged that the defendant contractor, Celotex Corporation, breached its construction contract, resulting in defects which caused leaks in the building. The allegations of misconduct in *Knox* were held to be factually insufficient. The supreme court, in upholding the trial court's dismissal of the complaint, stated that the plaintiff's failure to plead facts supportive of the legal conclusions upon which the cause of action was predicated, could not be rectified by the invocation of the rule that pleadings must be construed liberally. The *Knox* court stated:

"Although the allegations of this count may generally inform Iber of the nature of the claim it will be called upon to defend, it must be kept in mind that section 42(2) of the Civil Practice Act does not relieve Knox of the obligation to plead facts and not conclusions, as stated in the Historical and Practice Notes quoted above. Applying simple logic to the question, if a motion to dismiss admits only facts well pleaded and not conclusions, then, in considering the motion, if after deleting the conclusions that are pleaded there are not sufficient allegations of fact which state a cause of action against the defendant, the motion must be granted regardless of how many conclusions the count may contain and regardless of whether or not they inform the defendant in a general way of the nature of the claim against him. In *Richardson v. Eichhorn* (1958), 18 Ill. App. 2d 273, the court noted the differences in the considerations to be applied when reviewing a case after judgment, based on evidence, from those to be applied in a case when the complaint is directly attacked by motion. In the latter situation, 'the motion admits facts well pleaded, and conclusions may be

proper if based on facts set forth, but the motion does not admit conclusions or inferences by the pleader, such as conclusions of law or of fact unsupported by allegations of specific facts on which the conclusions must rest.' *Richardson v. Eichhorn* (1958), 18 Ill. App. 2d 273, 276.

Notice pleading, as known in some jurisdictions, is not sufficient under our practice act. (*First National Bank v. City of Aurora* (1978), 71 Ill. 2d 1, 8.) Although both sections 42(2) and 33(3) of our practice act contain provisions concerning liberal construction, such provisions do not remedy the failure of a complaint to state a cause of action." *Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 426-27.

■ Section 42(2) (Ill. Rev. Stat. 1979, ch. 110, par. 42(2)) of the Civil Practice Act provides that no pleading "is bad in substance which contains such information as reasonably informs the opposite party of the nature of the claim or defense which he is called upon to meet." A cause of action should not be dismissed unless it clearly appears that no set of facts can be alleged and proven which would entitle the plaintiff to relief. (*Anixter Brothers, Inc. v. Central Steel & Wire Co.* (1984), 123 Ill. App. 3d 947, 463 N.E.2d 913.) As with pleadings generally, a third-party complaint should not be dismissed unless it appears from the pleadings that the third-party plaintiff could in no event have an action against the third-party defendant. (*Badorski v. Commonwealth Edison Co.* (1980), 89 Ill. App. 3d 494, 411 N.E.2d 924.) Moreover, section 2—616 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—616) provides for the liberal amendment of pleadings.

Northrop contends that it never had a full opportunity to amend its pleadings to satisfy the *Knox* factual specificity standard. We agree. Upon the trial court's holding that, "I would sustain the motion to dismiss the second amended third-party complaint," the trial court immediately thereafter stated, "[I]t is within the court's discretion in these cases to deny leave to amend a second pleading ***." Northrop's attorney pointed out to the trial court that "it is appropriate for a court to dismiss without leave to amend where it appears that there are no circumstances in which an appropriate pleading can be fashioned, and I respectfully submit to the court that that is not the situation here. *** [T]here are allegations that we can make that would satisfy in the court's mind the *Knox* standard." Northrop's attorney further argued to the trial court, "We can seek in any event contract damages in the third-party against them." The trial court ruled that, "[I]nexorably intertwined with that is the consideration of

pleading negligence allegations to substantiate what appears to be an implied indemnity cause of action against a third-party defendant albeit growing out of contract ***. I would deny the motion for leave to amend." The trial court again stated, "so, being what still seems to be an express indemnity cause of action, I have sustained a motion and again I'm not granting leave to amend, period." Northrop's attorney replied, "[I]f we were given leave to replead, all of the counts of our repleading would not be indemnity counts."

■ The order dismissing Northrop's second amended third-party complaint was the first to dismiss Northrop's complaint because of a lack of allegations of factual specificity. The trial court denied Northrop an opportunity to amend its third-party complaint to comply with the *Knox* factual specificity requirement. Section 2—616 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—616) provides for the liberal amendment of pleadings. Even if Northrop's proposed amended pleading, which Northrop's attorney attempted to tender to the trial court, was not sufficiently factually specific, Northrop was entitled, under the liberal amendment standard, to a further opportunity to amend its pleadings in an attempt to satisfy the court's concerns. Only in this way could the trial court determine whether Northrop could plead with the required factual specificity.

Therefore, we reverse the trial court's order which denied Northrop's request for leave to file an amended third-party complaint and remand to the trial court to allow Northrop leave to file an amended third-party complaint and for further proceedings consistent with the views expressed herein.

Reversed and remanded.

SULLIVAN and McNAMARA, JJ., concur.