RICHARD ROBBINS, Plaintiff-Appellant, v. THE CITY OF MADISON, Defendant-Appellee.

Fifth District    No. 5—88—0702

Opinion filed January 10, 1990.

Wiseman, Shaikewitz, McGivern, Wahl, Flavin & Hesi, P.C., of Alton, for appellant.

Coppinger, Carter, Schrempf & Blaine, Ltd., of Alton, for appellee.

JUSTICE HARRISON delivered the opinion of the court:

Plaintiff, Richard Robbins, appeals from a judgment of the circuit court of Madison County which dismissed, with prejudice, counts I through IV of his second amended complaint pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—615). The sole question presented for our review is whether the circuit court erred in concluding that those counts failed to state a cause of action upon which relief may be granted. (See *Wooded Shores Property Owners Association, Inc. v. Matthews* (1976), 37 Ill. App. 3d 334, 337, 345 N.E.2d 186, 189.) For the reasons which follow, we affirm.

In order to survive a motion to dismiss, a complaint must state a cause of action that is both legally and factually sufficient. A legally sufficient complaint is one which sets forth a legally recognized claim upon which the plaintiff is entitled to recover damages. A factually sufficient complaint must plead facts which are essential to the plaintiff's alleged cause of action. Failing either factual or legal sufficiency, the complaint must be dismissed. *Northrop Corp. v. Crouch-Walker, Inc.* (1988), 175 Ill. App. 3d 203, 205-06, 529 N.E.2d 784, 785.

In ruling on a motion to dismiss, a court must accept as true all well-pleaded facts alleged in the complaint, as well as all reasonable inferences which can be drawn from those facts. (*Hinthorn v. Roland's of Bloomington, Inc.* (1988), 119 Ill. 2d 526, 529, 519 N.E.2d 909, 911.) A cause of action should not be dismissed unless it clearly appears that no set of facts can be alleged and proven which would entitle the plaintiff to relief. (See *Northrop Corp. v. Crouch-Walker, Inc.*, 175 Ill. App. 3d at 212, 529 N.E.2d at 789.) Where, however, a complaint is stricken and the plaintiff does not seek leave to amend, this will be considered an election to stand by the stricken complaint, and if the lawsuit is dismissed, the cause of action must stand or fall upon the contents of that complaint alone. *Mlade v. Finley* (1983), 112 Ill. App. 3d 914, 917, 445 N.E.2d 1240, 1243.

Such is the situation here. Accordingly, the viability of plaintiff's cause of action turns solely on the sufficiency of the allegations set forth in his second amended complaint. In that complaint, plaintiff alleges that he was employed by defendant, the City of Madison, as a "senior alarm installer and maintenance person" for the city's alarm

department and as an emergency medical technician in the city's ambulance department. Plaintiff held these two jobs simultaneously. Plaintiff's complaint does not indicate how many hours per week he worked in the alarm department, but it does allege that his employment with the ambulance department required him to be "on duty" for 14-hour periods, five days per week, plus an additional weekend approximately once a month.

Plaintiff alleges that in September of 1985 he was told by a city alderman that he must either resign his position with the ambulance department or else continue his duties in that department without compensation. The alderman allegedly informed plaintiff, however, that if he continued performing his duties in the ambulance department without compensation, he would receive an increase of $1 per hour in the hourly wage rate he received in his job in the alarm department. Thereafter, plaintiff informed the alderman that he would "elect to resign from the Ambulance Department and continue at his same wage rate in the Alarm Department." Plaintiff alleges that he was then discharged from his employment in the alarm department by the city's chief of police, who stated that the basis for the discharge was that "plaintiff had refused to continue the ambulance position without compensation."

Following his discharge, plaintiff brought this action against the city in the circuit court of Madison County. Counts I through III of plaintiff's second amended complaint, which are essentially the same, seek recovery based on the tort of retaliatory discharge. Count IV alleges breach of contract. Plaintiff's second amended complaint also included a fifth and final count, but summary judgment was entered in favor of the city on that count, and plaintiff has elected not to challenge the circuit court's summary judgment order. Count V is therefore not before us on this appeal.

In bringing his cause of action against the city, plaintiff was required to allege facts which, if proved, would support a judgment in his favor. (*Miles Homes, Inc. v. Mintjal* (1974), 17 Ill. App. 3d 642, 644, 307 N.E.2d 724, 726.) In reviewing the sufficiency of plaintiff's second amended complaint, we shall consider first plaintiff's claims for retaliatory discharge under counts I, II and III. Because the substantive allegations of those three counts are essentially the same, they shall be discussed together.

■ Our supreme court has held that a plaintiff states a valid claim for retaliatory discharge only if he alleges that he was discharged in retaliation for his activities and that the discharge violates a clear mandate of public policy. (*Hinthorn v. Roland's of Blooming-*

*ton,* 119 Ill. 2d at 529, 519 N.E.2d at 911.) As previously indicated, plaintiff here alleges that he was discharged from the city's alarm department because he refused to continue working in the ambulance department with no compensation other than the $1-per-hour increase he would have received for his alarm department duties. According to plaintiff's complaint, for the city to have required him to continue in the ambulance department under these terms would have been in direct contravention of the rules and regulations prescribed by the Department of Labor and the laws of the State of Illinois and would have been contrary to the public policy upon which those rules, regulations and laws are premised. Plaintiff therefore avers that he was, in effect, discharged for exercising the rights secured to him by the laws and public policy of this State. Accordingly, plaintiff argues that the discharge itself violated public policy and must therefore subject the city to liability.

Although plaintiff's complaint makes reference to rules and regulations of the Department of Labor, as well as laws of the State of Illinois, and while it speaks generally of the public policy of this State, plaintiff's arguments on appeal make clear that he is basing his retaliatory discharge claim specifically on the city's alleged violation of public policy as expressed in the Illinois Minimum Wage Law (Ill. Rev. Stat. 1987, ch. 48, par. 1001 *et seq.*). That statute provides, *inter alia,* that "[i]t is against public policy for an employer to pay to his employees an amount less than that fixed by this Act." Ill. Rev. Stat. 1987, ch. 48, par. 1002.

■ In view of this express language, we believe that if an employee who is covered by the Minimum Wage Law (Ill. Rev. Stat. 1987, ch. 48, par. 1001 *et seq.*) is discharged by his employer because he refuses to work for wages less than those set forth in the statute, his discharge would, in fact, violate a "clear mandate of public policy" within the meaning of *Hinthorn v. Roland's of Bloomington, Inc.* (1988), 119 Ill. 2d 526, 519 N.E.2d 909, and entitle the employee to bring an action for retaliatory discharge. The pleading requirements for such a claim, however, are no different than in an ordinary civil action. Accordingly, an employee who wishes to bring such a claim must allege in his complaint specific facts which, if true, would establish a violation of the Minimum Wage Law (Ill. Rev. Stat. 1987, ch. 48, par. 1001 *et seq.*) and so, of the public policy which that statute was meant to advance. This is something which plaintiff here has failed to do.

In counts I, II and III of his complaint, plaintiff alleges that the city acted improperly in one or more of the following ways: (a) by re-

quiring him to work in the ambulance department without compensation; (b) by requiring him to work in the ambulance department in excess of 40 hours per week; and (c) by requiring him to work in the ambulance department in excess of 40 hours per week for an alleged $1 per hour to be paid into his alarm department wages. With respect to item (b), we note that requiring plaintiff to work more than 40 hours per week offends no provisions of the Minimum Wage Law (Ill. Rev. Stat. 1987, ch. 48, par. 1001 *et seq.*). Although section 4a(1) of the statute provides that "no employer shall employ any of his employees for a workweek of more than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than 1½ times the regular rate at which he is employed" (Ill. Rev. Stat. 1987, ch. 48, par. 1004a(1)), section 4a(2)(D) (Ill. Rev. Stat. 1987, ch. 40, par. 1004a(2)(D)) provides that the foregoing rule is not applicable to any governmental body, and plaintiff's complaint here expressly alleges that he was employed by the City of Madison, which is, of course, a governmental body.

Items (a) and (c) are likewise insufficient to establish a violation of the law. The problem with those items is that they relate only to the hours plaintiff worked and the compensation (or lack thereof) which he received for his duties in the ambulance department. They do not take into account how many hours he worked or how much he was paid for the additional duties he performed in the alarm department. Although plaintiff alleges that these two departments operate independently of one another, his complaint clearly indicates that he had but one employer, defendant, the City of Madison. The alarm and ambulance departments are merely organizational subdivisions of that single governmental entity.

■ In determining whether the city violated the Minimum Wage Law (Ill. Rev. Stat. 1987, ch. 48, par. 1001 *et seq.*), how much plaintiff was paid or how much he had to work for one of these organizational subdivisions therefore cannot be viewed in isolation. Rather, one needs to know the total number of hours plaintiff had to work in each of his city jobs and the total amount of compensation the city paid him. Plaintiff, however, nowhere alleges what his hourly rate was or how many hours he worked in the alarm department, and his complaint contains nothing which suggests that the *overall* wage rate he would have received from the city would have been below that set forth in the Minimum Wage Law (Ill. Rev. Stat. 1987, ch. 48, par. 1001 *et seq.*). Given this, there is no factual basis in the complaint to support his allegation that the Minimum Wage Law (Ill. Rev. Stat. 1987, ch. 48, par. 1001 *et seq.*) would have been violated had he con-

tinued his work in the ambulance department on the terms offered by the city. Counts I through III of plaintiff's second amended complaint were therefore properly dismissed.

We turn then to count IV of plaintiff's complaint. In that count, plaintiff does not allege that his termination violated public policy. Rather, he alleges that when defendant gave him the option of either resigning his position with the ambulance department or else continuing his duties in that department but without any compensation other than a $1-per-hour increase in his hourly wage in the alarm department, defendant impliedly agreed that if plaintiff resigned from the ambulance department, he could continue his job in the alarm department. The basis for count IV is that defendant breached this implied contractual obligation when it discharged him after he elected to exercise that option and quit his ambulance department job.

■ Although defendant may have agreed to allow plaintiff to remain in his job in the alarm department after he resigned from his ambulance department job, there are no allegations in count IV that plaintiff's employment in the alarm department would continue for any specific duration if he accepted that offer. Under Illinois law, if an employment agreement does not specify a definite duration, it will last only for as long as is mutually satisfactory, and either the employer or the employee may terminate the employment "at will," without liability for breach of contract. (*Martin v. Federal Life Insurance Co.* (1982), 109 Ill. App. 3d 596, 600, 440 N.E.2d 998, 1002.) Under this common-law rule, an employee at will can be discharged at any time for a good reason, a bad reason, or no reason at all, subject only to the prohibition against discharges which contravene clearly mandated public policy. (*Ryherd v. General Cable Co.* (1988), 124 Ill. 2d 418, 427, 530 N.E.2d 431, 435.) As previously indicated, count IV contains no allegations that the discharge at issue here violated such a public policy. Count IV therefore fails to state a claim upon which relief can be granted.

For the foregoing reasons, the judgment of the circuit court of Madison County dismissing counts I through IV of plaintiff's complaint with prejudice is affirmed.

Affirmed.

HOWERTON and GOLDENHERSH, JJ., concur.