2025 IL App (1st) 241325-U

No. 1-24-1325

Order filed November 12, 2025

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| ERIKA JACOBS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 23 M1 300950 |
| | ) | |
| NORTHWESTERN MEMORIAL HOSPITAL, | ) | Honorable |
| | ) | Maryam Ahmad, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE VAN TINE delivered the judgment of the court.
Justices McBride and Ellis concurred in the judgment.

**ORDER**

¶ 1     *Held*:   We affirm the dismissal of plaintiff's medical malpractice claim due to her failure to comply with section 2-622 of the Code of Civil Procedure. Pursuant to section 2-615, we affirm the dismissal of plaintiff's claim that defendant hospital should have "waived" all medical billing, as she has not pled a legally cognizable claim.

¶ 2     Plaintiff Erika Jacobs appeals from the dismissal of her *pro se* second amended complaint against defendant Northwestern Memorial Hospital (Northwestern). The circuit court dismissed plaintiff's complaint pursuant to sections 2-603(b) and 2-622 of the Code of Civil Procedure (the

Code) because plaintiff failed to (1) format her complaint as numbered paragraphs with separate counts for each claim and (2) support her medical malpractice claim with a medical professional's report concluding that claim was reasonable and meritorious. See 735 ILCS 5/2-603(b), 2-622 (West 2022). For the following reasons, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4      This appeal involves two sections of the Code that govern pleadings, which we set out here for context. Section 2-603(b) requires that, in a complaint, "[e]ach separate cause of action upon which a separate recovery might be had shall be stated in a separate count," "each count *** shall be separately pleaded, designated and numbered," and the complaint "shall be divided into paragraphs numbered consecutively, each paragraph containing, as nearly as may be, a separate allegation." 735 ILCS 5/2-603(b) (West 2022). Section 2-622 generally requires that a plaintiff alleging medical malpractice support her complaint with "(1) an affidavit, her attorney's or her own if proceeding *pro se,* certifying that the affiant consulted with a qualified health care professional in whose opinion there is a reasonable and meritorious cause for the filing of the action," and "(2) a copy of that health professional's written report setting forth the reasons for his [or her] determination." *Schroeder v. Northwest Community Hospital*, 371 Ill. App. 3d 584, 595 (2009); 735 ILCS 5/2-622(a)(1) (West 2022).

¶ 5      Plaintiff has proceeded *pro se* throughout this entire case, including this appeal. She used preprinted forms for all her complaints in the circuit court, filled them out by hand, and attached various typewritten statements and exhibits to them.

¶ 6      The record on appeal does not contain reports of proceedings. We take the following facts from the common law record.

¶ 7                                A. Original Complaint

¶ 8     On July 17, 2023, plaintiff filed a small claims complaint alleging that she received treatment for an open wound on her left knee at Northwestern's emergency room on July 19, 2022. Plaintiff alleged that emergency room doctors did not properly culture or clean her wound and did not give her a knee brace. The emergency room doctors' negligence allegedly caused plaintiff's left leg to "crack" in September 2022.

¶ 9     Although plaintiff alleged facts regarding medical malpractice, her complaint stated that her claim was based only on Northwestern's failure to process "financial information" and "waive" $2,726.50 that Northwestern billed her. Plaintiff attached to her complaint her own typewritten statement, which claimed that Northwestern "put [her] in collections for the disputed amount of $2,726.50." Plaintiff further explained that

> "[t]his lawsuit is about the malicious behavior of the hospital staff in the non[-]processing of the Plaintiff's financial application for 100% waiver based on the financial status; amount disputed $2,726.50. Now the medical Mal practice [*sic*] would be a separate case in another court for a sum I cannot even compute."

Plaintiff also attached medical bills from Northwestern reflecting that the hospital charged her $3,895 for treatment on July 19, 2022, but reduced those charges by $1,168.50 due to adjustments and insurance payments. Northwestern ultimately billed plaintiff $2,726.50.

¶ 10    Northwestern moved to dismiss plaintiff's complaint. Without ruling on the motion to dismiss, the Honorable John M. Allegretti granted plaintiff leave to amend her complaint by October 18, 2023.

¶ 11    Nevertheless, plaintiff filed motions seeking Judge Allegretti's "removal" and a transfer to the law division. Plaintiff claimed that Judge Allegretti did "not respect [her] as a person of interest in the case" and would not give her a fair trial. Plaintiff also claimed that her amended complaint would seek damages of $1 million for medical malpractice, necessitating a transfer to the law division. Judge Allegretti denied plaintiff's request to transfer the case to the law division but granted her request for substitution of judge as of right.

¶ 12    The case was transferred to the Honorable Thomas Morrissey. Although Judge Morrissey issued several orders in this case, the docket report suggests that the Honorable Maryam Ahmad may have presided over some hearings between December 2023 and June 2024. Judge Ahmad may have been covering Judge Morrissey's call on those dates, or the case may have been reassigned to her at some point. The record is not clear on that issue. There is no question, however, that Judge Ahmad entered the final order in this case.

¶ 13                              B. First Amended Complaint

¶ 14    On October 13, 2023, plaintiff filed her first amended complaint pursuant to Judge Allegretti's order. Plaintiff explained that her original complaint had alleged "improper processing of [her] financial information for 100% waiver of fees," but the first amended complaint raised a claim of medical malpractice. Plaintiff alleged that she was unable to use her left leg when she arrived at Northwestern's emergency room on July 19, 2023.[1] The treating physician did not properly clean or culture the wound, did not provide plaintiff with antibiotics or pain medication,

_____

[1]The original complaint alleged that plaintiff was treated at Northwestern on July 19, 2022, but the first amended complaint alleged that she was treated on July 19, 2023. That may have been a typographical error. Plaintiff's brief on appeal claims that she went to Northwestern in July 2022. Northwestern medical bills attached to the original complaint confirm that plaintiff was treated on July 19, 2022.

and did not provide a brace to stabilize plaintiff's left leg. In addition, plaintiff alleged that a physical therapist did not examine her and the physical therapy assistant who did examine her was not qualified to diagnose her. Plaintiff further alleged that her "upper left leg cracked" due to Northwestern's inadequate treatment, resulting in permanent disability. In addition to these medical malpractice allegations, plaintiff reiterated her claim that Northwestern wrongfully billed her $2,726.50. Plaintiff sought $1 million in "nominal, punitive and compensatory damages."

¶ 15    Plaintiff attached to the first amended complaint her own "affidavit," which was not notarized or certified pursuant to section 1-109 of the Code (735 ILCS 5/1-109 (West 2022)). Plaintiff explained that she was unable to afford a notary and requested that the court "allow her to obtain a job or unemployment to afford payment." The body of the "affidavit" stated as follows:

> "The Plaintiff is unemployed and only worked a part time job that does not offer insurance. The Plaintiff cannot afford an x-ray of her upper left leg since the bone cracked in September of 2022 due to the mal practice [*sic*] of prior physicians at Northwestern Hospital during treatment on 7-19-23 [*sic*]. Thus, within 30 days the Plaintiff will be able to go to a qualified physician to have them x-ray the upper left leg which cracked due to extreme pain, inflammation and swelling never treated at Northwestern Hospital:
>
> [T]he plaintiff attempted to get the necessary medical records but has not yet received them and will submit a health professional's report within 90 days of receipt of the medical records."

¶ 16    Northwestern moved to dismiss plaintiff's first amended complaint, arguing that the complaint violated (1) section 2-603(b) because it "fail[ed] to plead plain and concise statements in separate counts for each cause of action" and (2) section 2-622 because it alleged medical

malpractice but did not include the requisite affidavit and medical professional's report. Northwestern also sought dismissal pursuant to section 2-615 because plaintiff's "financial waiver" claim was not a legally recognized cause of action in Illinois.

¶ 17    On January 29, 2024, Judge Morrissey ordered plaintiff to submit (1) a response to Northwestern's motion to dismiss, (2) medical records in support of her claims, and (3) an affidavit and medical professional's report pursuant to section 2-622. Plaintiff did not submit any of those materials. On March 21, 2024, Judge Morrissey dismissed plaintiff's medical malpractice claims but granted her "leave to file a second amended complaint by April 24, 2024, with an affidavit and report in compliance with 735 ILCS 5/2-622."

¶ 18                    C. Second Amended Complaint

¶ 19    Plaintiff prepared a second amended complaint on or around April 21, 2024. The only copy of the second amended complaint in the record is attached as an exhibit to Northwestern's motion to dismiss that complaint. The second amended complaint does not bear a filing stamp, and the docket report does not reflect that plaintiff ever filed it. Nevertheless, there is no dispute that both Northwestern and the circuit court received the second amended complaint and treated it as the operative complaint as of late April 2024.

¶ 20    The second amended complaint's allegations were identical to those in the first amended complaint. Plaintiff attached a notarized affidavit attesting that she would be "unable financially to obtain medical care for her legs until May of 2024," so, she "had to rely on records from emergency rooms and from one Orthopedic surgeon, Dr. Strotman." Plaintiff attached email communications between her and Dr. Strotman's medical assistant, which indicated that Dr. Strotman treated plaintiff in December 2022 and provided her with a knee brace and a physical

therapy referral. At some point in 2023, Plaintiff sent Dr. Strotman a letter requesting a diagnosis of the "crack" in her left knee. On October 11, 2023, Dr. Strotman's assistant explained that, to make such a diagnosis, plaintiff had to present for an in-person examination and X-rays.

¶ 21    In addition, plaintiff attached records of treatment she received at a North Carolina hospital on October 16, 2023. Plaintiff presented to the emergency room complaining of swelling in both legs. An X-ray of her left leg did not indicate current or old fractures. Treaters recommended an ultrasound to evaluate potential deep vein thrombosis, but plaintiff chose not to undergo an ultrasound.

¶ 22    Northwestern moved to dismiss the second amended complaint. Northwestern argued that the second amended complaint violated section 2-603(b) because plaintiff did not organize her allegations as consecutively numbered paragraphs or separate her claim for "financial waiver" from her claim for medical malpractice. In addition, Northwestern argued that the circuit court should dismiss the second amended complaint because plaintiff failed to comply with section 2-622. Specifically, Northwestern contended that plaintiff failed to submit a medical professional's written report, failed to show good cause for that failure, did not seek an extension of time to submit such a report, and had not expressed her intention to submit a medical professional's report. Northwestern also noted that the circuit court had given plaintiff multiple opportunities to comply with section 2-622, but she failed to do so, thereby warranting dismissal with prejudice. Finally, Northwestern again argued that the court should dismiss the second amended complaint pursuant to section 2-615 because plaintiff's "financial waiver" claim did not state a recognized cause of action under statutory or common law.

¶ 23     Judge Morrissey ordered plaintiff to respond to Northwestern's motion to dismiss by May 29, 2024, and set a hearing on the motion for June 20, 2024. Plaintiff did not file a response to Northwestern's motion to dismiss. However, according to Northwestern, on May 28, 2024, plaintiff emailed objections to the motion to dismiss, arguing that she was "in compliance with the law and now the case [could] move on to trial by jury." Plaintiff's objections are not in the record on appeal.

¶ 24     Northwestern's reply in support of its motion to dismiss argued that the documents plaintiff attached to her second amended complaint did not satisfy the requirements of section 2-622. Northwestern also contended that plaintiff's self-prepared affidavit violated section 2-622(a)(1) because it did not attest that she had consulted with a qualified health professional.

¶ 25     On June 20, 2024, Judge Ahmad held a Zoom hearing on Northwestern's motion to dismiss the second amended complaint. Judge Ahmad's written order states that both parties presented oral arguments. However, plaintiff "left the Zoom call after being admonished by the Court." Judge Ahmad paused the proceeding and gave plaintiff five minutes to rejoin the Zoom call, but plaintiff did not do so. Judge Ahmad granted Northwestern's motion to dismiss with prejudice based on plaintiff's failure to comply with sections 2-603(b) and 2-622 of the Code.

¶ 26     Plaintiff timely appealed.

¶ 27                                    II. ANALYSIS

¶ 28     Plaintiff appeals the dismissal of her second amended complaint. She also raises a procedural claim of error regarding the case's supposed reassignment from Judge Morrissey to Judge Ahmad. We will address reassignment first because plaintiff argues that Judge Ahmad should not have ruled at all on the motion to dismiss the second amended complaint.

¶ 29                          A. Judicial Reassignment

¶ 30    Plaintiff contends that her case was improperly reassigned from Judge Morrissey to Judge Ahmad in June 2024; therefore, Judge Ahmad should not have heard argument or ruled on the motion to dismiss the second amended complaint. Northwestern agrees that this "case was reassigned to Judge Ahmad prior to the [June 20, 2024,] hearing," but contends that it was a proper "routine administrative assignment."

¶ 31    The record is not clear as to whether, when, or why this case was reassigned from Judge Morrissey to Judge Ahmad. Regardless, we find no error. Circuit courts are courts of general jurisdiction, and all judges of the circuit court have equal authority. *Board of Trustees of Community College District No. 508 v. Rosewell*, 262 Ill. App. 3d 938, 957 (1992). There was nothing improper about Judge Ahmad hearing this case. Plaintiff presents no evidence that the apparent transfer of this case from Judge Morrissey to Judge Ahmad was the product of bad faith or "judge shopping." See *Country Mutual Insurance Co. v. Olsak*, 2022 IL App (1st) 200695, ¶ 105. Therefore, there is no reason for us to conclude that Judge Ahmad abused her discretion by hearing and ruling on Northwestern's motion to dismiss the second amended complaint. See *id.*; see also *Rowe v. State Bank of Lombard*, 125 Ill. 2d 203, 214 (1988) (where there is no evidence of bad faith or judge shopping and the case was assigned to another judge in the ordinary course of judicial reassignment, the circuit court acts within its authority in ruling on pending motions.). Accordingly, we reject this claim of error.

¶ 32                    B. Dismissal of the Second Amended Complaint

¶ 33    We now review Judge Ahmad's dismissal of the second amended complaint. That complaint alleged two claims against Northwestern. The first was clearly a medical malpractice

claim. The second claim alleged that Northwestern improperly billed plaintiff for treatment and should have instead charged her nothing.

¶ 34                                    1. Medical Malpractice Claim

¶ 35    Judge Ahmad based the dismissal of plaintiff's medical malpractice claim on her failure to comply with section 2-622. Section 2-622 governs pleadings alleging medical malpractice. 735 ILCS 5/2-622 (West 2022). Its purpose is to deter frivolous medical malpractice lawsuits by ensuring, at the initial filing stage, that such cases have merit. *Cato v. Attar*, 210 Ill. App. 3d 996, 998 (1991).

¶ 36    Section 2-622 requires a *pro se* plaintiff alleging medical malpractice, like plaintiff in this case, to take one of three approaches when filing a complaint. See 735 ILCS 5/2-622(a) (West 2022). First, the plaintiff may attach to her complaint (1) an affidavit attesting that she consulted with a qualified health care professional who concluded that her medical malpractice claims are reasonable and meritorious *and* (2) a copy of the health professional's written report setting forth the reasons for that conclusion. *Id.* § 2-622(a)(1). Alternatively, the plaintiff may file a complaint without such a report if she attests that the statute of limitations is soon to expire and there is insufficient time to obtain a report. *Id.* § 2-622(a)(2). Finally, a plaintiff may file a complaint without a report if she attests that she has requested, but has not yet received, medical records necessary for the medical professional to prepare the report. *Id.* § 2-622(a)(3). Section 2-622 applies to both *pro se* and represented plaintiffs. *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶¶ 78, 96.

¶ 37    A dismissal for failure to comply with section 2-622 is a dismissal pursuant to section 2-619. 735 ILCS 5/2-622(g) (West 2022) ("The failure to file a certificate required by this Section

shall be grounds for dismissal under Section 2-619.”). Therefore, we review the dismissal of a complaint for failure to comply with section 2-622 *de novo*. *Cutler v. Northwest Suburban Community Hospital, Inc.*, 405 Ill. App. 3d 1052, 1064 (2010); see also *Avakian v. Chulengarian*, 328 Ill. App. 3d 147, 160 (2002).

¶ 38    The second amended complaint expressly stated that “plaintiff file[d] for medical malpractice.” It alleged that treaters at Northwestern failed to properly clean, culture, and brace plaintiff’s left knee wound, resulting in complications and permanent disability. Therefore, section 2-622 applies to plaintiff’s second amended complaint.

¶ 39    Plaintiff has never submitted a report from a medical professional concluding that her medical malpractice claims are reasonable and meritorious. Therefore, plaintiff has not complied with section 2-622(a)(1). Plaintiff has never claimed that an impending statute of limitations prevented her from obtaining such a report, so she has not complied with section 2-622(a)(2). Plaintiff’s affidavit attached to her second amended complaint did not claim that she requested, but had not received, the medical records necessary to prepare the report. Therefore, Plaintiff did not comply with section 2-622(a)(3) either. In short, plaintiff’s second amended complaint followed none of the three approaches that section 2-622(a) allows.

¶ 40    The un-notarized “affidavit” attached to plaintiff’s first amended complaint suggested that she was awaiting medical records. As a result, Judge Morrissey granted plaintiff two opportunities to comply with section 2-622 in his orders of January 29 and March 21, 2024. However, plaintiff did not do so, and the notarized affidavit she filed in support of her second amended complaint abandoned her claim that she was awaiting medical records. It appears that, as of late April 2024, plaintiff did not intend to make any further efforts to comply with section 2-622. Therefore, Judge

Ahmad properly dismissed plaintiff's medical malpractice claim in June 2024. See 735 ILCS 5/2-622(g) (West 2022).

¶ 41    Plaintiff argues that Judge Ahmad ignored an "affidavit with email communications between the orthopedic surgeon seen by the plaintiff in Dec[ember] 2022." This argument refers to emails between plaintiff and Dr. Strotman's medical assistant, in which the medical assistant repeatedly explained that plaintiff had to present in person to undergo X-rays and have her left leg diagnosed. These emails are not the report of a qualified medical professional and do not fulfill the requirements of section 2-622(a).

¶ 42    Plaintiff also contends that Judge Ahmad did not "acknowledge how the misdiagnosis has changed the plaintiff[']s life and literally rendered her almost disabled" and did not "review any evidence presented" during the June 20, 2024, hearing. Plaintiff's notice of appeal accuses Judge Ahmad—baselessly, as far as we can tell—of discriminating against her. To the extent these arguments refer to how Judge Ahmad conducted the June 20, 2024, hearing, we cannot review them because plaintiff has not provided a transcript of that hearing. See *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-94 (1984) (the appellant has the burden of providing a sufficient record to review her claims of error and, in the absence of such a record, we presume that the circuit court's order conformed to the law and had a sufficient factual basis). To the extent plaintiff argues that Judge Ahmad should have decided the merits of her medical malpractice claim based on the "evidence" plaintiff presented, that is incorrect. A section 2-619 motion to dismiss, such as one that alleges noncompliance with section 2-622, does not allow the circuit court to weigh the parties' competing evidence. See *Reynolds v. Jimmy John's Enterprises, LLC*, 2013 IL App (4th) 120139, ¶ 34.

¶ 43    Plaintiff cites *Pierce v. Cherukuri*, 2022 IL App (1st) 210339, but that case involved only issues of *forum non conveniens*. *Id.* ¶¶ 1-2. *Forum non conveniens* is not at issue in this case, so *Pierce* offers no guidance. Accordingly, we affirm the dismissal of plaintiff's medical malpractice claim due to her failure to comply with section 2-622.

¶ 44                                    2. "Financial Waiver" Claim

¶ 45    The second amended complaint raised a claim that Northwestern should have "waived" $2,726.50 in medical bills.

¶ 46    Plaintiff's second amended complaint alleged that she submitted to Northwestern "all necessary documents for the proper processing of the financial application" for "waiver," but the "CEO and staff refused to rectify the situation" and "continued to improperly process [her] financial application." As a result, Northwestern "put [plaintiff] in collections for the disputed amount of $2,726.50." Plaintiff alleged that she should not owe Northwestern "any monies due to the ill treatment received during service by the staffed physicians on 7-19-2[2]."

¶ 47    The circuit court cited two bases for dismissal: sections 2-622 and 2-603(b). Section 2-603(b) requires a plaintiff to format her complaint as numbered paragraphs with separate counts. 735 ILCS 5/2-603(b) (West 2022). Plaintiff's second amended complaint essentially did that. Plaintiff pled her "financial waiver" claim on its own sheet of paper, separately from her medical malpractice claim. She numbered the allegations of the "financial waiver" claim and concluded with a prayer for relief in the form of $1 million in damages. Although plaintiff's second amended complaint was not as well organized as it could have been, we do not believe dismissal pursuant to section 2-603(b) was warranted.

¶ 48    Dismissal pursuant to section 2-622, however, was proper. As explained above, section 2-622 applies to medical malpractice claims. *Id.* § 2-622. Plaintiff's "financial waiver" claim alleged that Northwestern should not have billed her anything because its staff rendered substandard treatment. So, plaintiff's "financial waiver" claim was dependent on her claim of medical malpractice. Dismissal of the "financial waiver" claim for failure to comply with section 2-622, as described above, was warranted because the cause of action could not exist independently of her medical malpractice claim.

¶ 49    However, the strongest basis for dismissal was plaintiff's failure to state a legally cognizable claim. We can affirm the dismissal of the second amended complaint on any basis apparent from the record even if the circuit court did not rely on that basis. See *Mayle v. Urban Realty Works, Ltd.*, 2022 IL App (1st) 210470, ¶ 40. Northwestern's motion to dismiss the second amended complaint sought dismissal pursuant to section 2-615, so we consider that basis for dismissal.

¶ 50    A section 2-615 motion to dismiss challenges the legal sufficiency of the complaint. *Dent v. Constellation NewEnergy, Inc.*, 2022 IL 126795, ¶ 25. The court must determine whether the allegations, viewed in the light most favorable to the plaintiff, state a cause of action upon which relief may be granted. *Id.* A plaintiff must "set forth a legally recognized claim and plead facts in support of each element" of that claim. (Internal quotation marks omitted.) *Quinn v. Board of Commissioners for the City of Chicago Electoral Board*, 2019 IL App (1st) 190189, ¶ 42. Although we construe complaints liberally, "conclusions of fact will not suffice to state a cause of action regardless of whether they generally inform the defendant of the nature of the claim against him." *Id.* However, a court should not dismiss a complaint pursuant to section 2-615 unless the plaintiff

clearly cannot prove any set of facts that entitle her to relief. *Dent*, 2022 IL 126795, ¶ 25. We review the dismissal of a complaint pursuant to section 2-615 *de novo*. *Id.*

¶ 51 Plaintiff's second amended complaint did not allege any legal basis for requiring Northwestern to "waive" all emergency room treatment charges she received in July 2022. For example, plaintiff did not allege that a statute required Northwestern to forgo billing her due to her income level. She did not allege that she had any type of contract with Northwestern that the hospital breached. *Cf. Barry v. St. Mary's Hospital Decatur*, 2016 IL App (4th) 150961, ¶¶ 77-79 (the plaintiff alleged, albeit unsuccessfully, that a consent form he signed was a contract that governed how the hospital billed him). Plaintiff did not claim that the law requires a hospital to concede its own substandard treatment of a patient and waive all charges as a result. Furthermore, plaintiff alleged that Northwestern staff intentionally or knowingly refused to waive charges, not that the staff acted negligently. Therefore, plaintiff's "financial waiver" claim is not legally cognizable, and dismissal was proper.

¶ 52 For the first time on appeal, plaintiff claims that Northwestern's "financial department" discriminated against her "in violation of laws: 482.13 & 5.1993—116th Congress (2019-2020)." Plaintiff also claims for the first time on appeal that Northwestern's "financial department" was "negligent in the processing of [her] financial application." However, her second amended complaint did not make any of these allegations, so we cannot consider them. See *Osten v. Northwestern Memorial Hospital*, 2018 IL App (1st) 172072, ¶ 22 (a court reviewing a dismissed complaint does not consider or accept as true unpleaded facts the plaintiff advances for the first time on appeal). The correct approach was for plaintiff to raise these allegations in one of her

amended complaints or, at the very least, in response to one of Northwestern's motions to dismiss. See *id.*

¶ 53    Plaintiff cites, without explanation, *Applewhite v. Accuhealth, Inc.*, 21 N.Y.3d 420 (2013), a New York decision reversing summary judgment on claims that emergency medical technicians rendered negligent treatment. *Id.* at 423-24. *Applewhite* is not Illinois authority, did not involve a motion to dismiss, and did not address whether or when a hospital must waive charges for patients. It has no relevance to this appeal and does not warrant reversal. Accordingly, we affirm the dismissal of plaintiff's "financial waiver" claim.

¶ 54                                  3. Dismissal with Prejudice

¶ 55    Finally, plaintiff does not challenge the dismissal of her second amended complaint with prejudice. She does not, for example, claim that she should have been given more time to obtain a medical professional's report pursuant to section 2-622(a)(3) or more opportunities to amend her complaint under section 2-615(d). She has forfeited any argument that she should have been given leave to file a third amended complaint. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). Moreover, by appealing the dismissal of her second amended complaint without seeking leave to amend in the circuit court, plaintiff stands on the allegations of that complaint and foregoes the right to file an amended complaint. See *Lawson v. City of Chicago*, 278 Ill. App. 3d 628, 644 (1996); *Robbins v. City of Madison*, 193 Ill. App. 3d 379, 381 (1990). Accordingly, we affirm the dismissal of the second amended complaint with prejudice.

¶ 56                                  III. CONCLUSION

¶ 57    For the foregoing reasons, we affirm the circuit court's dismissal of plaintiff's second amended complaint with prejudice.

¶ 58    Affirmed.